## Ira P. Bacon *versus* John Bowdoin *et al.*

Under Revised Stat. *c.* 107, § 13, a tenant for years may redeem a mortgage made by his lessor.

So, *it seems*, a person having an easement only in land under mortgage, may redeem.

Whether an instrument is to be deemed a lease or only an agreement for a lease, depends on the intention of the parties, to be collected from the whole instrument.

A contract under seal between S. and B., after setting forth a covenant on the part of S. to complete a certain building then erected, for the manufacture of cotton, and to furnish water power and machinery therefor, by a future day certain, and keep such machinery in repair for one month, proceeds as follows. " And S. does hereby lease said building to B. for the term of ten years " from the day before mentioned, " but B. is to have the use of the building &c., after they are completed, free of rent," from a day anterior to the date of the instrument, until they shall be ready for operation ; " and B. shall also use said building, free of rent, for the purposes of storing cotton and machinery and making repairs, from the date of this instrument ; " and B. covenants to keep the running machinery in repair after the expiration of one month. B. entered into possession in pursuance of the contract. It was *held*, that this was a present demise to commence *in futuro*, and not merely an agreement for a lease.

By the demise of a mill, the land on which it stands passes as incident to the demise.

THIS was a bill in equity to redeem certain mortgaged real estate situated in Belchertown.

The bill sets forth, that on the 22d of June, 1836, Joshua Shaw, being seised in fee of the real estate in question, mortgaged the same to John Bowdoin, one of the defendants, to secure divers notes and sums of money ; that on the 14th of July, 1837, by certain articles of agreement entered into between Shaw and the plaintiff, Shaw demised and leased to the plaintiff a certain building and the land on which it stood, being a part of the premises mortgaged to the defendant Bowdoin, to hold for the term of ten years from the 1st of September then next ; that such agreement was recorded on, or about, the 17th of July ; that the plaintiff entered into possession of the building, &c., in pursuance of such agreement, and had ever since been in the possession thereof ; that at the time when the lease was made, the plaintiff was ignorant of the mortgage to Bowdoin, Shaw being then in possession, but that he had since been informed, that the mortgage was recorded a short time before the making of the lease ; that Bowdoin assigned the mortgage to Town and Ferry, the other defendants, on the 23d of May, 1839, in trust however to secure to Bow-

Bacon
*v.*
Bowdoin.

doin a part of the notes and sums of money originally secured ; that Shaw, on the same 23d of May, quitclaimed his interest to Town and Ferry ; that Town and Ferry were informed of the lease, at the time when they received the assignment from Bowdoin, and the release from Shaw ; that on the same day, Town and Ferry mortgaged the same premises back to Bowdoin ; that Bowdoin, Town and Ferry deny the right of the plaintiff to redeem, and threaten to eject him ; that sundry payments had been made on the original mortgage ; and that the plaintiff had demanded an account thereof, which they had refused to render.

The bill thereupon prayed that an account might be taken of the amount due on this mortgage, and that the defendants might be ordered to assign the mortgage to the plaintiff, upon payment thereof. The bill also prayed for general relief.

The articles of agreement referred to in the bill, were under seal, and contained the following provisions.

Shaw agrees and covenants with the plaintiff to complete a building erected and standing on the land in question for the manufacture of cotton, to furnish a suitable water-wheel for the building to carry the machinery for that purpose, and water sufficient to drive the wheel with sufficient force to carry all the plaintiff's machinery at all times, and to furnish a shaft, &c. " Said Shaw is to put said machinery in good repair and keep it in good repair for the space of one month : Also a shed suitably near the aforesaid building twenty by fifteen feet on the ground, for storing cotton and other goods : Also a road from the highway to said building kept in suitable repair, with liberty to pass and repass thereon at all times. All the buildings are to be kept in repair by said Shaw ; and the buildings are to be suitably furnished with the aforesaid machinery by the first day of September next, ready for operation by the first day of September next. And if said Shaw shall fail to have said buildings, machinery and all which he is to furnish, ready for operation at the time aforesaid, he shall pay said Bacon, as liquidated damages, during the time he shall fail to have all ready for operation, the sum of five dollars by the day."

" And said Shaw does hereby lease said building to said Bacon for the term of ten years from the said first day of Sep-

tember, for the sum of fifty-five dollars by the year, to be paid annually. But said Bacon is to have the use of said building &c., after they are completed, free of rent, for so long a time as shall intervene between the first day of June last and the time when said building, machinery, &c. shall be ready for operation, and shall also use said building, free of rent, for the purposes of storing cotton and machinery and making repairs, from the date of this instrument. And said Shaw is to pay all taxes on the real estate."

" And the said Ira P. doth agree, and by these presents doth covenant with the said Shaw, to take the aforesaid building, machinery, &c. with the appurtenances, for the space of ten years from the said first day of September, on the terms aforesaid, and to pay the rent at the rate of fifty-five dollars by the year, as aforesaid, and to keep the running part of the mill in repair, after the expiration of one month as aforesaid. And whatever said Bacon shall put on he shall have a right to take off."

The defendants demurred.

*Wells* and *Bowdoin*, for the defendants. The plaintiff is *Sept. 23d.* not entitled to redeem, because he holds no right in the land. The person redeeming must have a freehold estate at least. Revised Stat. *c.* 107, § 13 ; 1 Powell on Mortg. (Rand's ed.) 261. The plaintiff, if he redeems at all, must redeem the whole mortgage ; and as he would thereby disturb all the relations between the parties connected with the land, it would seem as if he should have some permanent interest to entitle him to do so.

The articles of agreement were not a lease, but only a contract between the plaintiff and Shaw for a lease after the building should be completed. A great portion of that which was the subject of the contract, was to be afterwards created, and not being in existence, could not be leased. 4 Bac. Abr. *Leases &c. K*; *Jackson* v. *Delacroix*, 2 Wend. 433.

If however the articles of agreement are to be deemed a present lease, then we contend, that they operated as a lease of the building only, and that the plaintiff acquired no right in the land. Land will not pass as appurtenant to land ; *a fortiori* not as appurtenant to buildings. *Wells* v. *Banister*, 4 Mass.

Bacon
v.
Bowdoin.

R. 514 ; *Taylor* v. *Townsend,* 8 Mass. R. 411 ; *Doane* v *Broad Street Association,* 6 Mass. R. 332 ; Co. Litt. 152 *a.*

The plaintiff acquired, at most, only an easement in the land ; which is a foundation too slender to support a right to redeem. The plaintiff has paid nothing, and if he holds nothing, he will lose nothing. *Smith* v. *Shepard,* 15 Pick. 147.

*Forbes,* for the plaintiff. A tenant for years is entitled to redeem. *Keech* v. *Hall,* 1 Dougl. 22 ; 1 Powell on Mortg. (Rand's ed.) 263 ; 2 Cruise's Dig. *tit.* 15, *c.* 2, § 7 ; Revised Stat. *c.* 107, § 13 ; *Gibson* v. *Crehore,* 5 Pick. 149 ; 5 Bac. Abr. *Mortgage,* E 1 ; 2 Com. Dig. *Chancery,* 4 *A* 4. A tenant by *elegit* has only a chattel interest in the land, but yet he may redeem. 4 Com. Dig. *Execution,* C 14.

It is said, that the plaintiff has only a chattel interest, and that this was a mere lease of a building without the land. We contend, that a grant of a *building* is, *primâ facie,* a grant of the *land* upon which it stands. The provision in the articles of agreement in regard to taxes, is evidence that the parties understood it to be a lease of land. The land does not pass as appurtenant to the building, but as parcel of the grant. 4 Com. Dig. *Grant,* E 6, E 9 ; *Pickering* v. *Stapler,* 5 Serg. & Rawle, 107 ; *Blake* v. *Clark,* 6 Greenleaf, 436 ; *Leonard* v. *White,* 7 Mass. R. 6 ; *Otis* v. *Smith,* 9 Pick. 293 ; *Doane* v. *Broad Street Association,* 6 Mass. R. 332 ; *Pettee* v *Hawes,* 13 Pick. 323 ; *Whitney* v. *Olney,* 3 Mason, 280.

The instrument in question was a present lease, and not an agreement for a lease. *Doe* v. *Ashburner,* 5 T. R. 163.

*Sept. 27th.*    WILDE J. delivered the opinion of the Court. This is a bill in equity, by the lessee for years of certain real estate, to redeem the same from the incumbrance of a mortgage made by his lessor to John Bowdoin, one of the defendants, and by him assigned to the other two defendants.

The defendants demur to the bill ; and the first question raised by the defendants' counsel is, whether a tenant for years has a right to redeem a mortgage made by his lessor. And we think it very clear, that he has such a right. It was so laid down by Lord *Mansfield* in *Keech* v. *Hall,* 1 Doug. 21, as an undisputed right. 2 Cruise's Dig. *tit.* 15, *c.* 2, § 6, 7 But if this right were doubtful, it is now rendered certain by

the Revised Stat. *c.* 107, § 13, which provides, that any person lawfully claiming or holding under the mortgager may redeem.

It was then argued by the defendant's counsel, that the instrument under which the plaintiff claims is not to be construed as a lease, but as an agreement for a lease ; and they rely on *Jackson* v. *Delacroix*, 2 Wendell, 433. In that case it was decided, and, as we think, correctly, that whether an instrument be a lease, or only an agreement for a lease, depends on the intention of the parties to be collected from the whole instrument. And, accordingly, it was held, that the instrument in that case, although it contained words of present demise, was to be construed as an agreement for a lease, such appearing to the court to have been the intention of the parties. But there is a material distinction between that case and the present. The instrument in that case contained an agreement for a future lease, after certain alterations and improvements of the building should have been made ; and by the *habendum* in the same instrument, the term was not to commence until after the completion of the alterations and improvements. These alterations and improvements had never been made, but the old building had been taken down and a new building erected, and the lessee had never entered into the premises demised or intended to be demised. None of these circumstances, from which the intention of the parties was inferred in that case, exist in the present. There is no agreement for a lease at a future day. The term is to commence *in futuro* at a day certain. There are express and apt words of a present demise, and the bill avers, that the plaintiff entered in pursuance of the lease, and has ever since continued in the possession of the premises. Under these circumstances there can be no doubt, we think, that the parties intended, what the language of the instrument clearly imports, namely, a present demise to commence *in futuro*. Considering this as a valid lease, we think it clear that upon the facts stated in the bill the plaintiff is entitled to redeem.

It is objected, that the land was not demised, but the buildings only, and that the plaintiff has only an easement in the land If this were so, still the plaintiff would be entitled to

redeem.   But by the demise of the building, the land on whith it stood clearly passed as incident to the demise.   The exclusive possession of the land was necessary to the enjoyment of the demise.   Com. Dig. *Grant, E* 11.

*Demurrer overruled.*