## WIGGINS *v.* SHEPPARD.

HILL, J. The judge erred in directing a verdict for the plaintiff, as it was not demanded by the evidence.

(a) There was sufficient evidence of a tender to submit that question to the jury. On the subject of the written contract the evidence showed that the debtor made to the creditor a conveyance and took a written contract allowing the debtor to "redeem" the property on payment of "ten per cent. per annum." The plaintiff testified in chief that she tendered the proper amount due to the defendant, but on cross-examination admitted tendering only $300, without interest. This was not a sufficient tender of the amount due, to operate as legal tender. The evidence also showed that the money was tendered in one roll; that no reference to the amount of the money was made, and it was not counted; that the creditor refused to receive it, not because the proper amount was not tendered, but without reference to any amount, because if the debtor obtained the land she would convey it to other named persons, and the creditor asserted that he might as well have it as those other persons. Under such evidence it was error to withhold from the jury the question of whether what transpired amounted to a general refusal of *any* tender which might be made, and a resulting tender of the correct amount, if the amount tendered was not the correct amount.

(b) The expression in the contract that the debtor, who had made the deed to the creditor, might "redeem" it by the payment of a certain amount, as to which the evidence indicated that this was the amount fixed as the amount of the indebtedness of the creditor to the grantee, together with ten per cent. per annum for two years, is not so clearly a contract of sale with a right of repurchase at a stipulated amount as to exclude a finding, under the evidence, that the transaction was one of a security for an indebtedness, and not one, properly speaking, of sale with a right of repurchase. While a contract of sale by a debtor to her creditor, with a right of repurchase at a stipulated

amount within a given time, is legally possible (*Felton* v. *Grier*, 109 *Ga.* 320, 35 S. E. 175), it can not be declared as matter of law that the contract in this case was of that character, so as to authorize the direction of a verdict. A mere conjecture that ten per cent. per annum for two years might have been included in the contract as representing a possible increase in value, or as representing rental value during the two years, could not authorize the taking of the case from the jury and directing a verdict in favor of the plaintiff.

(c) If the contract between the parties was not one of sale of land by a debtor to her creditor, with the privilege of repurchasing it at a specified price within a stated time, but was one in which a deed was made to secure an indebtedness, and the contract was infected with usury by reason of the charge of an unlawful rate of interest upon the debt so secured, the deed so made was void. Civil Code, § 3442.

*Judgment reversed. By five Justices, all concurring.*

SEPTEMBER 14, 1916.

Complaint for land. Before Judge Sheppard. Liberty superior court. June 9, 1915.

*Ben A. Way* and *Way & Burkhalter,* for plaintiff in error.

*S. B. Brewton* and *Edwin A. Cohen,* contra.