Nash, C. J.
 

 Tbe strict rules of evidence have been, upon a principle of necessity, departed from, in enquiring into facts long since past. Great difficulty would necessarily exist in their proof, if living witnesses were required. It is upon this principle that hearsay and reputation are admitted, in cases of pedigree. Thus, declarations of deceased members of a family are competent to prove relationship, as who was a particular person's grand father, or whom be married, bow many children be bad, or as to tbe time of tbe birth of a child. So, also, descriptions in wills, upon a tomb stone, an entry in a family bible, are all admitted. In tbe case before us, tbe witness stated “ that there was a family register of births in existence.” Tbe plaintiff objected to tbe tbe declarations of tbe parent, because they were of inferior dignity, and therefore, inadmissible. Tbe mistake consisted in considering tbe declarations as of an inferior grade, in tbe scale of evidence, to this family register, as it is called; whereas, tbe grade is the same. All tbe writers on tbe law of evidence class them as such. 2d Story on Evidence, 611. 1st Phil, on Evidence, 289. In Goodright v. Moss, 2 Cow. Rep. 504, tbe same classification is made by Lord MaNSeield. Tbe general rule upon this subject is, that tbe best evidence is to be given which tbe nature of tbe case admits, yet tbe rule does not require tbe strongest possible assurance of tbe fact. If a bond is attested by several subscribing witnesses, tbe production of one on the tidal is sufficient. So, to prove satisfaction of a plaintiff’s demand, tbe defendant may give evidence of tbe admission by tbe plaintiff that such was tbe fact, though it should appear that tbe plaintiff bad signed a receipt. Jacob v. Lindsay, 1 East. 460; Smith v. Young, 1st Camp. 439. In gene
 
 *402
 
 ral, if the distinction of written or unwritten, or direct and circumstantial, does not exist between the evidence offered and that withheld, the former will be received, though less satisfactory. The rule of the best evidence does not require all the evidence or the strongest, but
 
 that
 
 only is excluded, which, from the nature of the case, supposes evidence
 
 superior in grade
 
 to be behind and in the power of the party. Here, as before stated, the grade of the evidence offered and that withheld is the same. The declarations were direct, and not circumstantial evidence, made
 
 ante litem,
 
 at different times; and though they might not have been equally satisfactory as the family register, they were unquestionably competent.
 

 Judgment is affirmed.