Case 28.—ACTION BY THE HENDERSON COTTON MILLS
AGAINST THE TRAVELERS INS. CO., ON AN EMPLOYER'S
INDEMNITY POLICY OF INSURANCE.—March 25.

## Travelers Ins. Co. v. Henderson Cotton Mills.

Appeal from Henderson Circuit Court.

J. W. Henson, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

Indemnity Insurance—Pleading—Age of Insured—Evidence—Conditions in Policy—Interest—Prayer for Relief—Costs—Liability for as Damages.

1. Indemnity Insurance—Pleading—Age of Insured—In an action on a policy of employes' indemnity insurance, which provides that the employe should be over twelve years of age it is not necessary that the petition should allege that the person injured was over twelve years of age.

2. Conditions in Policy—Against Public Policy—Void—A condition

Travelers Ins. Co. v. Henderson Cotton Mills.

in a policy of employes' indemnity insurance that no action
shall be maintained thereon unless it is brought within thirty
days after payment of loss by the insured, is contrary to pub-
lic policy and is void.

3. Age of Insured—Evidence—The age of a member of a family
may be proven by proof of declarations of other members since
deceased.

4. Interest—Prayer for Relief—Under a prayer for general relief
interest may be allowed on a claim from the filing of the suit,
although not specially prayed for in the petition.

5. Costs—Liability for—Where the idemnity insurance company did
not defend the suit of the insured against the appellee and ap-
pellee had to defend it, the court properly held the insurance
company liable for the costs of the action upon its policy of
indemnity.

J. A. DEAN for appellant.

JOHN F. LOCKETT, of counsel.

The age of John Warren was a vital and material issue in the
case.   The defendant, having been forced by the court to take the
burden of proof in framing the issue, established in the clearest
and most convincing way that John Warren was under the age of
twelve years at the time of his injury and death.    To meet this
evidence the plaintiff was permitted, over the objections and ex-
ceptions of the defendant, to prove various isolated and discon-
nected statements claimed to have been made by the father and
John Warren himself to third parties and not in the presence of
any representative of the insurer tending to show that the said
John Warren was over twelve years of age at the time of his injury
and death.    The record discloses that many if not all of these sup-
posed statements were made under circumstances showing that
the said father and son had, at the time, a direct interest in mis-
representing and magnifying that age, the motive being to secure
employment for the son.

The evidence of declarations of the deceased father of John P.
Warren, or of John Warren himself, as to his age are not ad-
missable, for several reasons:

1. They are not the best evidence reasonably obtainable of said
fact.

2. The pedigree of John P. Warren is not the question in issue
in this action.

3. The declarations were made obviously in the declarant's own
interest.

The last three grounds for new trial are as follows: The verdict
is not sustained by sufficient evidence.   The verdict is contrary

to law. The verdict was given under the influence of prejudice and passion.

## THE VERDICT NOT SUSTAINED BY THE EVIDENCE.

Granting, for the sake of the argument, that the hearsay evidence in regard to the age of the injured employe, John Warren, was competent, it was of such a weak, unreliable and unsubstantial character, when opposed to the convincing and conclusive evidence adduced by the defendant on the same subject, as not to sustain the verdict, in the meaning of the law, and shows that the verdict was not the result of a dispassionate weighing of the evidence, but that it was the result of prejudice and passion. It must shock the mind of the court, as it shocked the minds of all who heard the trial. If the courts are not to exercise a decent control over the verdicts of the jury, the administration of justice becomes a mockery and the jury becomes a mob. The perpetuation of the jury system depends upon the fearless intervention of the court when the province of the jury has been abused.

## AUTHORITIES CITED BY APPELLANT.

Greenleaf on Evidence, secs. 103 and 104; 18 Am. & Eng. Ency. Law (1st ed.), 257, 264, 265, 150, 158, 159, 174 and 258; Birney v. Hann, 3 A. K. Mar., 326; Speed v. Brooks, 7 J. J. Mar., 119; N. N. & M. V. R. R. Co. v. Simcoe, 14 Ky. Law Rep., 526; Owens v. Merideth, filed January 21st, 1904; Chiles v. Smith's Heirs, 13 B. Mon., 461; Batman v. Morgan, 1 Met., 548; Long v. Hughes, 1 Duv., 387; White v. Crutcher, 1 Bush, 472; Humphreys v. Walton, 2 Bush, 580; Harlan v. Braxdale, 18 Ky. Law Rep., 171; Board of Council v. Farmers Bank, 20 Ky. Law Rep., 889; Board of Council v. Farmers Bank, 20 Ky. Law Rep., 1635; Board of Council v. Farmers Bank, 105 Ky., 811; Kentucky Mutual Security Fund Co. v. Turner, 89 Ky., 672; Dixon v. German Insurance Co., 11 Ky. Law Rep., 1001; Owen v. Howard Insurance Co., 9 Ky. Law Rep., 147; Owen v. Howard Insurance Co., 87 Ky., 571; Watson v. Cresap, 1 B. Mon., 195; Railey v. Jones, 7 J. J. Mar., 303; Nelson v. Cartmel, 6 Dana, 7; Anderson v. Mason, 6 Dana, 217; Harbson & Gathright v. Frazier, 23 Ky. Law Rep., 1115; May on Insurance, secs. 183, note 3, and 589, note 6; Stanton v. Browne, 6 Dana, 248; Egbert v. McMichael, 9 B. Mon., 44; Eckler v. Galbraith & Lail, 12 Bush, 71; L. M. Insurance Co. v. Bland, 9 Dana, 145; Royal Insurance Co. v. Smith, 8 Ky. Law Rep., 521; Groves v. Waller, 4 Ky. Law Rep., 452; Hickman v. Bradford, 6 Ky. Law Rep., 522; Ormsby v. Louisville, 79 Ky., 197; Averback v. Hall, 14 Bush, 505; Newman's Pleading and Practice, 333.

MONTGOMERY MERRITT for appellee.

The questions involved in this case are:

1. Is the provision in the policy sued on, limiting the cause of action to 30 days for suit after payment of judgment legal? We say it is not. (60 S. W. R., 1121; Wood on Limitations, sec. 42.)

2. Had the 30 days expired when the suit was filed? Does limitation run from delivery of check, or from date of its payment? (Beach on Contracts, vol. 1 sec. 371; Teidman on Commercial Paper, 456; Morse on Banking, 275, 280-1; 60 S. W. R., 400.)

3. Was the evidence of Mrs. Skaggs and others as to statements of Louis Warren, father of John Warren, as to his age, competent evidence? (Mutual Life Ins. Co. v. Blodget, 27 S. W., 286; Swink v. French, 47 A. R., 278; Kelly v. McGuire, 15 Ark., 605; Wilson v. Brownlee, 91 A. D., 524.)

4. Interest was not specifically prayed for, but could be allowed under the general prayer for relief. (Civil Code, sec. 90; Adams Ex. Co. v. Milton, 11 Bush, 49.)

5. It was not a condition precedent, and incumbent on the plaintiff to allege that John Warren was over 12 years of age. That was a matter of defense.

6. Where exceptions to the general provisions of a statute are in a distinct clause, plaintiff need not allege that he is within them. (Nichols v. Sinnitt, 78 Ky., 630; Miller v. Jones, 5 Ky. Law Rep., 327.)

7. The issue as to age was determined by the verdict of the jury. (Fehler v. Gosnell, 99 Ky., 380.)

## OPINION BY CHIEF JUSTICE HOBSON—Affirming.

On February 22, 1901, John Warren, an employe of the Henderson Cotton Mills, was killed; suit was brought by his administrator against it, and a judgment was recovered for $2,944.40 and costs, which was affirmed by this court. (Henderson Cotton Mills v. Warren's Administrator, 70 S. W., 658, 24 Ky. Law Rep., 1030.) The Henderson Cotton Mills paid the judgment, and then instituted this suit against the Travelers Insurance Company on a policy issued to it on the 4th of April, 1900, indemnifying it for the period of one year against such losses. The policy reads as follows:

"In consideration of the warranties in the applica-

tion for this policy, a copy of which is hereto.attached and which is made a part of this contract, and of two hundred and ten dollars ($210.00) premium, the Travelers' Insurance Company, of Hartford, Connecticut (hereinafter called 'The Company'), does hereby agree to indemnify Henderson Cotton Mills of Henderson, county of Henderson, state of Kentucky (hereinafter called 'The Assured'), for the period of twelve months beginning on the fourth day of April, 1900, at noon, and ending on the fourth day of April, 1901, at noon, standard time, at the place where this policy has been countersigned, against loss from common law or statutory liability for damages on account of bodily injuries, fatal or non-fatal, accidentally suffered within the period of this policy, by any employe or employes of the assured while on duty within the factory, shop or yards mentioned in said application, or upon the ways immediately adjacent thereto provided for the use of such employes or the public, in and during the operation of the trade or business described in the said application; subject to the follownig agreements, which are to be construed as conditions."

Here follow .16 conditions, the 1st, 9th, 10th, 11th and 14th of which are as follows:

"1. The company's liability for an accident resulting in injuries to, or in the death of, one person is limited to fifteen hundred dollars ($1,500), and subject to the same limit for each person, the total liability for any one accident resulting in injuries to, or in the death of, several persons is limited to ten thousand dollars ($10,000.00.)

"9. If thereafter any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the home office of the company every summons or other process as soon as the same

shall have been served on him, and the company will at its own cost defend against such proceeding, in the name and on behalf of the assured, or settle the same unless it shall elect to pay to the assured the indemnity provided for in clause '1' of the foregoing provisions, as limited therein.

"10. The assured shall not settle any claim, except at his own cost, nor incur any expense, nor interfere in any negotiation for settlement or in any legal proceeding without the consent of the company previously given in writing, but he may provide at the time of the accident such immediate surgical relief as is imperative. The assured when requested by the company shall aid in securing information, evidence, and the attendance of witnesses, and in effecting settlements, and in prosecuting appeals.

"11. This policy does not cover loss from liability for injuries to, or caused wholly or in part by, any child employed by the assured contrary to law, nor to, or caused wholly or in part by, any child employed under twelve years of age where no statute restricts the age of employment.

"14. No action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to re-imburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue. No such action shall lie unless brought within the period within which a claimant might sue the assured for damages unless at the expiry of such period there is an action pending against the assured, in which case an action may be brought against the company by the assured within thirty days after final judgment has been rendered and satisfied as above. The company does not prejudice by this clause any defenses to such action which it may be entitled to make under this policy."

The plaintiff did not allege in its petition that John Warren, the person injured, was over 12 years of age, and the defendant demurred to the petition on this ground. The court overruled the demurrer, holding this matter of defense to be pleaded by the defendant. In this ruling we concur. To require the plaintiff to set out all 16 conditions of the policy, and to negative the existence of all the exceptions therein contained, would be to require too great prolixity of pleading, and would be in conflict with the rule that where exceptions are stated in separate clauses of an instrument, and not in the promising or contracting clause, the plaintiff may in his petition set up only so much of the contract as he relies on. (Aetna Life Insurance Company v. Glasgow Power Company, 52 S. W., 975, 21 Ky. Law Rep., 726; Gardner v. Continental Insurance Company, 75 S. W., 283, 25 Ky. Law Rep., 426.)

The action was not brought within 30 days after the plaintiff paid the judgment in favor of Warren's administrator, but was brought on the thirty-first day thereafter. The provisions of the fourteenth clause above quoted are relied on to defeat the action. The validity of such clauses was recently considered by this court in Union Central Life Insurance Company v. Spinks, 83 S. W., 615, 26 Ky. Law Rep., 1205, and it was there held that contract limitations of the time in which an action may be brought are contrary to public policy and void. The previous cases are collected in that opinion, which is conclusive of the question.

The defendant pleaded that John Warren was under 12 years of age. This was denied by the reply. The defendant introduced the mother of John Warren, and two of his brothers, who testified that he was born on September 3, 1889, and was about 11 years and 5 months old at the time of his death, on February 2, 1901. The mother testified that she kept a record in

her family Bible of the ages of her children, but that the Bible was lost when they moved to Kentucky several years before John's death. She also said that her son Paschal was 2 years and 7 months older than John. Paschal also stated the same. On the other hand, the plaintiff proved that John Warren was as large as Paschal, and they looked so alike as to appear to be twins; that John said at different times that he was 13, and going on 14; that the father of John, who was also dead, declared on different occasions that this was John's age. This evidence was objected to by the defendant, and it is insisted that the objection should have been sustained. The testimony of the mother was only based on her recollection of the date of John's birth. The testimony of her children seems to have been based on the information they had received in the family. John had the same means of knowledge as they, and the father had the same means of knowledge as the mother. But they spoke under oath, while the declarations of John and his father were not made under oath. The rule excluding hearsay evidence does not apply to pedigree, and, in stating what this exception means, in 1 Greenleaf on Evidence, sec. 104, the learned author says: "The term 'pedigree,' however, embraces not only descent and relationship, but also the facts of birth, marriage and death, and the times when these events happened. These facts, therefore, may be proved in the manner above mentioned, in all cases where they occur incidentally and in relation to pedigree. Thus, an entry by a deceased parent or other relative, made in a Bible, family missal, or any other book, or in any document or paper, stating the fact and date of the births, marriage or death of a child or other relative, is regarded as a declaration of such parent or relative in a matter of pedigree." It will be observed from this

vol. 120—15

that an entry in a family Bible is not admitted on the ground that it was made at the time of the transaction, but as the declaration of the deceased parent or relative in a matter of pedigree.  In Swink v. French, 11 Lea, 78, 47 Am. Rep., 277, the question was whether Olivia Swink was 21 years of age at the time the contract relied on was made.  'Her husband, she being dead, was allowed to state that she had told him that she was born on July 17, 1850, although it was shown in that case there was a record of her birth in a family Bible, which was in the possession of another member of the family in another county than the one in which the trial was had.  To same effect are Cope's Administrator v. Pearce, 7 Gill (Md.), 247; Clements v. Hunt, 46 N. C., 400.  A person may testify to his own age, although his information is based entirely on hearsay from members of the family.  (Cheever v. Congdon, 34 Mich., 296; Hill v. Eldridge, 126 Mass., 234; Cherry v. State, 68 Ala., 29; Railway Company v. Coggin, 73 Ga., 689.)  The declarations of the father and John Warren were not self-serving, but were made in the usual course of things.  The recollections of the father and the boy himself are as much to be trusted as the recollection of the physician, the midwife, the nurse, or the neighbor, and therefore, their admission did not infringe the rule that the best evidence must be produced.

The verdict is not against the weight of the evidence.  The jury were warranted in finding interest from the bringing of the suit under the prayer of the petition for all proper relief, although such interest was not specifically prayed in the petition.

As the insurance company did not defend the suit, and the cotton mills company had to defend it and could not make a settlement, the court properly held

VOL. 120.] JANUARY TERM, 1905. ·227

the insurance company liable for the costs of the action upon its policy of indemnity.

Judgment affirmed.