## Harper's Administrator, et al. v. Southern Security Company.

(Decided February 28, 1919.)

### Appeal from Carlisle Circuit Court.

Insurance—Accident Insurance—Pleading.—A demurrer was properly sustained to a petition which, as amended, sought a recovery under a limited accident policy, for the death of the insured from an accident alleged to have been sustained while engaged in farming, where the policy made a part of the petition did not insure against loss of life from such an accident, but provided only for the payment of weekly indemnities for loss of time under certain conditions which were not asserted.

JOHN R. EVANS for appellant.

W. B. STANFIELD for appellee.

Opinion of the Court by Judge Clarke—Affirming.

On August 18, 1916, appellee executed and delivered to Harley Harper, appellant's intestate, an insurance policy which is described in large letters upon both the back and face of the policy as being a "Special Limited Five Dollar Accident and Sickness Policy," by the terms of which it insured the decedent for a term of one year, ". . . against the effects of bodily injuries caused directly, solely and independently of all other causes by external, violent and accidental means, which bodily injuries or their effects shall not be caused wholly or in part, directly or indirectly by any disease, defect or infirmity, and which shall from the date of the accident result in continuous disability and also against the effects of sickness, as follows:

The company will pay:

Section A

For loss of life the principal sum of $2.500.00. . . . resulting within thirty days from accident solely from such injuries which shall have caused continuous total disability from date of accident to date of loss, but only when such injuries are sustained in the manner specified in section D. clause 1."

Section D.

1. While traveling as a passenger in a place regularly provided for passengers, within any common carrier's public passenger conveyance (animals, aerial machines or conveyances excepted)."

This is the only provision of the policy which provides indemnity for loss of life. In the original petition filed by the appellant, it is stated that the insured "suffered from appendicitis and a complication of other diseases, and therefrom said suffering and attack of said diseases he died," and a recovery is sought for the principal sum of $2,500.00.

A demurrer was sustained to this petition as was unavoidable, since the policy in clear and explicit terms insures for loss of life only when resulting from an accident incurred while the insured is traveling as a passenger within a common carrier's public passenger conveyance. By an amended petition filed, the plaintiff stated that "while the said Harley Harper, deceased, was actively engaged in farming by actual contact and while operating a disk harrow, while engaged in farming on his farm in Carlisle county, Ky., on the 17th day of Septem-

ber, 1916, he bruised and hurt his right side by falling against the said harrow, thereby injuring his right side, from which he never recovered, and that from day to day after said injury therein complained of, he grew worse until the 29th day of September, 1916, from said wounds, hurts and injuries, appendicitis and other diseases set up, the direct causes of said above injuries, and which said injuries directly caused his death.''

It will be seen these allegations come no nearer stating a cause of action under the policy for loss of life than did the original petition, and a demurrer was sustained to the petition as amended, and upon plaintiff's refusal to plead further, his petition was dismissed, from which judgment he has prosecuted this appeal.

It is insisted by counsel for appellant that by the 14th clause of section D, insurance is provided against injuries which accidentally result to the insured ''while actively engaged in farming by actual contact with and while operating a threshing, mowing, reaping or binding machine, harrow or plow,'' and that the allegations of his amended petition were sufficient under this provision to constitute a cause of action, but the trouble with the argument is that learned counsel has overlooked or ignored the fact that for such injuries and their consequences, the policy provides only for the payment of an indemnity of $12.50 per week for loss of time, and that only ''if such injuries shall from the date of accident continue and wholly prevent the insured from attending to any and every kind of business,'' conditions which he did not affirm, so that clearly the plaintiff failed to state a cause of action for either loss of life or loss of time by the insured, and the court did not err in sustaining the demurrers and dismissing his petition.

Wherefore the judgment is affirmed.