## Walther v. Southern Surety Company.

(Decided March 16, 1920.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

Insurance—Accident Insurance—Construction of Policy.—An accident and sickness policy insured against effects of bodily injuries caused directly, solely and independently of all other

causes, by external, violent and accidental means, and provided that the company would pay for loss of life the principal sum of $5,000.00, resulting within thirty days from date of accident solely from such injuries which shall have caused continuous total disability from date of accident to date of loss, but only when such injuries are sustained in the manner specified in section D, clause 1, which is as follows: "While traveling as a passenger in a place regularly provided for passengers, within any common carrier's public passenger conveyance (animals, aerial machines or conveyances excepted)": Held, that the liability of the company to pay the principal sum of $5,000.00 for loss of life was confined to cases where the insured died from injuries sustained while traveling as a passenger as provided in section D, clause 1, and as the insured died from the effects of a blow, and not from injuries sustained while traveling as a passenger, his beneficiary was not entitled to recover the sum of $5,000.00.

ELMER C. UNDERWOOD for appellant.

JOHN S. McELROY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

John Walther was struck on the head with a club and died from the injuries' thus received. At that time he carried a special limited ten dollar accident and sickness policy in the Southern Surety Company. His wife, Addielee Walther, who was named as beneficiary, brought suit on the policy to recover the sum of $5,000.00. The court held that she was not entitled to $5,000.00, but only to $100.00. She appeals.

There being no cross appeal from that part of the judgment awarding plaintiff $100.00, the only question for decision is whether the court erred in refusing her a judgment for $5,000.00.

The material provisions of the policy are as follows:

"Hereby insures *John Walther*, herein called the insured, the person described in the copy of the application, subject to all the provisions and limitations hereinafter contained, for the term of one year from noon, standard time, of the day and at the place this policy is dated, against the effects of bodily injuries caused directly, solely and independently of all other causes by external, violent and accidental means, which bodily injuries or their effect shall not be caused wholly or in part, directly or indirectly, by any disease, defect or in-

firmity, and which shall from the date of the accident result in continuous disability; and also against the effects of sickness, as follows:

"The company will pay:

"Section A. For loss of life the principal sum of $5,000.00, resulting within thirty days from date of accident solely from such injuries which shall have caused continuous total disability from date of accident to date of loss, but only when such injuries are sustained in the manner specified in section D, clause 1.

"Section D. 1. While traveling as a passenger in place regularly provided for passengers, within any common carrier's public passenger conveyance (animals, aerial machines or conveyances excepted)."

In the recent case of Harper's Admr. v. Southern Security (Surety) Co., 183 Ky. 453, 209 S. W. 349, the same policy was before this court for construction, the only difference being that the principal sum named in that policy was $2,500.00 instead of $5,000.00, and the insured died from injuries caused by a fall against a harrow. The court held that the company's liability for loss of life under section A was restricted by section D, 1, to cases where the insured died from injuries sustained while traveling as a passenger in a place regularly provided for passengers within any common carrier's public conveyance. Not only is that case conclusive of the question before us, but a careful examination of the policy sued on in this action makes it clear that the policy is not susceptible of any other construction, and since the insured died from the effects of a blow and not from injuries sustained while traveling as a passenger, as provided by section D, 1, it follows that plaintiff was not entitled to recover the sum of $5,000.00.

Judgment affirmed.