# Benham v. Kentucky Central Life & Accident Insurance Company.

(Decided May 12, 1931.)

HENSON & TAYLOR for appellant.

PENTECOST & DORSEY, and PETER, LEE, TABB, KREIGER & HEYBURN for appellee.

Opinion of the Court by Judge Clay—Affirming.

On July 17, 1922, the Kentucky Central Life & Accident Insurance Company issued to James M. Benham a life and accident policy, by which it agreed to pay to the beneficiary, Theodore F. Benham, the sum of $2,000 in case of the death of the insured resulting directly and independently of all other causes through external, violent, and accidental means, and occurring within 90 days from the date of accident. One of the special provisions of the policy reads as follows: "3. This Company will not accept risks on this policy under the minimum age of eighteen (18) years, nor over the maximum age of fifty-four (54) years next birthday, and if the Insured is under said minimum or over said maximum ages this policy is null and void." On January 5, 1930, the insured was accidentally struck by a Louisville & Nashville passenger train, and instantly killed.

This action was brought by the beneficiary to recover on the policy. The company defended on the ground that the insured was 63 years of age when the policy was issued; that he represented to the agent of the company that his age at his next birthday would be 54; that said

representation was material, false, and fraudulent; that the policy was issued on the faith of such representation, and would not have been issued if the defendant had known that the insured was 63 years of age at his next birthday. At the same time the company paid into court the premiums theretofore paid by the insured, and which it had offered to pay to the beneficiary.

At the conclusion of the evidence the trial court directed a verdict in favor of the company. The beneficiary appeals.

Counsel for appellant devotes much time to a discussion of whether certain evidence bearing on the question of false representation as to age was properly admitted, as the application was not attached to the policy. In view of the conclusion of the court, it will not be necessary to discuss the admissibility of this evidence. The policy plainly provides if the insured is under the minimum of 18 years or over the maximum of 54 years at his next birthday, it is null and void. There can be no doubt that the insurer may confine the risks which it will accept to certain ages, and provide in substance that the policy shall not cover risks not falling within the prescribed age limits. No question of estoppel or waiver being presented, the right of the beneficiary to recover depends on whether the insured was over 54 years of age at his next birthday. On this question the only witness was William Benham, a brother of the insured, who testified as follows:

"1. Your name is William Benham, isn't it? A. Yes, sir.

"2. What relation are you to Mr. James M. Benham? A. Brother.

"3. How old are you, Mr. Benham? A. According to my best judgment I am sixty-four.

"4. How old was Mr. James M. Benham at the time of his death? (Objection. Overruled. Exception.) A. Well, I don't know exactly, but according to the way I have been told, he was right up to seventy or seventy-one.

"5. To refresh your recollection, wasn't his birthday on the 4th day of December? A. Yes, sir.

"6. And wasn't he seventy-one on the 4th day of December, 1929? (Objection. Overruled. Exception.) A. That is to the best of my understanding.

"7. Where did you get that understanding, Mr. Benham? A. From my mother.

"8. How much younger were you than Mr. James M. Benham? (Objection. Overruled. Exception.) A. He was supposed to be seven years older than I.

"9. That is the age that was recognized in the family during all the years of your life? A. I always heard that talk in the family.

"10. That has been the understanding throughout your own life, hasn't it? A. Yes, sir.

"Mr. Henson: We move to exclude all the testimony of the witness. (Overruled. Exception.)

"Cross-examination by Mr. J. W. Henson, attorney for plaintiff:

"11. I believe you said you didn't know his age. A. No, sir, I don't know it.

"Redirect examination by Mr. F. J. Pentecost, attorney for defendant:

"12. Mr. Benham, you know your own age. A. No, sir, I don't, only by hearsay.

"13. Well, you got that hearsay from your mother when you were a child? A. Yes, sir.

"14. And you have gone through life with the understanding that that was your age? A. Yes, sir.

"15. And that Mr. James M. Benham was seven years older than you? A. Yes, sir.

"Mr. Henson: We move to exclude all the testimony of the witness on redirect examination. (Overruled. Exception.)"

There being no attempt to rebut this evidence, it was sufficient, if admissible, to authorize the court to hold as a matter of law that the insured was over 54 years of age when the policy was issued. Its admissibility is attacked on the ground that it was pure hearsay. It must not be overlooked that declarations as to pedigree form one of the exceptions to the hearsay rule, and pedigree embraces not only descent and relationship, but also the facts of birth, marriage, and death, and the times when they occur. Therefore the rule is practically uniform that the date of a person's birth may be testified to by members of his family although they may know of the fact only by hearsay founded on family tradition, or information obtained from other members of the family. Grand Lodge, A. O. U. W. v. Bartes, 69 Neb. 636, 96

N. W. 186, 98 N. W. 715, 111 Am. St. Rep. 577. The reason for the rule is that, without such evidence it would often be impossible to prove one's age or the date of his birth. In the very nature of things one can have no knowledge of the date of his own birth, and yet he may testify as to his age, although his information is based entirely on hearsay from members of the family. For the same reason one may testify as to the age of his older brother from family tradition or information obtained from his mother or other members of the family. Travelers' Insurance Co. v. Henderson Cotton Mills, 120 Ky. 218, 85 S. W. 1090, 27 Ky. Law Rep. 653, 117 Am. St. Rep. 585, 9 Ann. Cas. 162. It follows that the evidence was properly admitted.

Judgment affirmed.