## North American Accident Insurance Co. v. White.

(Decided March 22, 1935.)

WHEELER, WHEELER & SHELBOURNE for appellant.

L. B. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

For a premium of $2 to be paid annually, the North American Accident Insurance Company, Chicago, Ill., issued and delivered to Sam White, age fifty, a resident

of Paducah, Ky., a policy payable to Eunice White for $1,000, for loss of his life, "by being struck, knocked down, or run over, while walking or standing on the public highway, by a moving vehicle, propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air, or liquid power."

On the afternoon of the 22d day of May, 1933, White, "with a minnow bucket and fishing cane," left his place of business at Eighth and Burnett streets, riding a bicycle on North Eighth street. Ed. Osborne resided about one block from White's place of business. On reaching the driveway of Osborne, White stopped and engaged with Osborne in a conversation for four or five minutes. Then he went on his way, still riding his wheel, to a point in the street about eighty feet from where he had talked with Osborne, when he met Grimmer traveling in an automobile, and as the automobile and bicycle approached each other, White "jumped off of his wheel, but it (the automobile) caught him too quick"; he "tried to cut his wheel, and jumped off of his wheel, but he was too slow." As "he jumped off of his wheel," he pushed it "off onto the gravel," and "went over the fender of the automobile," his left side striking the running board, his feet up in the air, then fell in the road. He was picked up by Grimmer and carried away in the automobile. His death resulted within three days from "pneumonia and edema of the lungs," superinduced by an injury to his left side, sustained at the time of the collision.

The only eyewitness introduced by the beneficiary was Osborne, whose testimony, as it is detailed above, is corroborated by the condition of the bicycle which was exhibited to the jury. It was not damaged.

The determinate question is the right of the insurance company to a peremptory instruction.

The coverage of the policy is limited to loss of life "by being struck, knocked down or run over, while walking or standing on a public highway by a moving vehicle, etc." The parties to the insurance contract had the right and power to contract for what accidents and risks the insurer was, and for what accidents and risks it was not, liable, and the court under the guise of construction may not make a new or different contract for them. Inter-Southern Life Ins. Co. v. Foster,

248 Ky. 481, 58 S. W. (2d) 668; Walther v. Southern Surety Co., 187 Ky. 466, 219 S. W. 183; Benham v. Ky. Central Life & Acc. Ins. Co., 240 Ky. 169, 38 S. W. (2d) 954; Monroe's Adm'r v. Federal Union Life Ins. Co., 251 Ky. 570, 65 S. W. (2d) 680.

The words of the clause of the policy here involved are so plain and simple, no rules of construction need be invoked to understand their natural, obvious meaning.

It is an accepted rule that where the policy covers an injury or death sustained in a particular manner, the accident causing either must be within the stipulations as set forth therein, and the burden is on the beneficiary to establish accordingly, by some evidence, his right to recovery. "Especially should this be so where the premium is small * * * and the policy is a very limited one and does not pretend to be full coverage. As an actuarial proposition, the insurance must necessarily be circumscribed and must have been so understood by the person insured." Inter-Southern Life Ins. Co. v. Foster, supra; Walther v. Southern Surety Co., supra.

The problem before us on the undisputed facts, in the light of these principles, is whether White's death resulted "by being struck, knocked down or run over while walking or standing on the public highway," by Grimmer's automobile.

A careful, diligent, and earnest analysis of the testimony of Ed. Osborne, upon which the beneficiary solely relies as authorizing the submission of the case to the jury, convinces us that White was neither walking nor standing in or on the highway, within the meaning of the policy, at the time he sustained the injury which was the proximate cause of his death. While it is not shown by the testimony of Osborne that the bicycle, on which White was riding at the time of the collision of himself and the automobile, actually came in contact with the automobile, it is definitely shown that the impasse of the automobile and the bicycle on which he was riding occurred simultaneously with his injury. At the moment White sustained his injury he was engaged in the act of jumping "off of his wheel, but was too slow," and he was in no sense "standing or walking on the highway." In dismount-

516

ing he collided with the automobile and thus sustained his injury. Laporte v. North American Acc. Ins. Co., 161 La. 933, 109 So. 767, 48 A. L. R. 1086.

The facts in the pending case are substantially those stipulated in Laporte v. North American Accident Ins. Co., wherein the injury was sustained by the insured who was riding a motorcycle when he was thrown therefrom, knocked down, run over, and killed by an automobile, and it was held a dismissal was proper.

It is not doubtful that the evidence of the beneficiary clearly demonstrates that White was not "struck, knocked down or run over" by the automobile of Grimmer while "walking or standing on the highway," within the meaning of these terms as they are used in the policy. Plainly, the insurance company was entitled to a peremptory instruction, and the court erroneously failed to direct a verdict in its favor.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.