## SMITH *v.* LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE.

No. 12121.   January 14, 1938.   Rehearing denied March 16, 1938.

*James R. Davis* and *James R. Davis Jr.,* for plaintiff.

*Martin, Martin & Snow,* for defendant.

RUSSELL, Chief Justice. ■ In view of the prayer for cancellation and the allegations of the petition in reference thereto, the Supreme Court has exclusive jurisdiction of the subject-matter, and the Court of Appeals properly transmitted this writ of error to the Supreme Court.

■ The evidence was sufficient to show that the insured was killed by being struck by a motor vehicle while he was walking or standing on a public highway, within the terms of the policy. The fact that he may have been negligent in grabbing at the truck did not relieve the insurance company from liability where he "missed it in some way and fell under the rear wheel," which then ran over his body and caused the injuries from which he died. Under the contract, the negligence of the insured was immaterial. The court erred in granting a nonsuit.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

RUSSELL, Chief Justice. In the motion for rehearing it is stated that in the original decision this court gratuitously ruled upon one question as to which the parties were not in controversy in this court. It appearing that this point is well taken, the decision has been modified accordingly.

In the motion for rehearing only two cases are cited in support of the contention that the injury and death of the insured did not fall within the terms of the policy, viz., *Yancey* v. *Ætna Life Ins. Co.,* 108 *Ga.* 349 (33 S. E. 979), and *Wheeler* v. *Fidelity & Casualty Co.,* 129 *Ga.* 237 (58 S. E. 709). In the *Yancey* case the policy was issued to the traveling salesman of a coal company, and provided that there should be no recovery in case the insured

was injured while "walking or being on any railroad bridge or road-bed (railway employees excepted)." The insured was injured while walking upon the road-bed of a railroad company, but was not a railway employee. His duties as agent for the coal company required that he should go upon the tracks and road-beds for the purpose of visiting coal dealers and for other purposes in connection with his coal business. So far as here material, the decision of this court was to the effect that the circumstances just stated did not make the plaintiff a railway employee within the meaning of the policy. We do not think the *Yancey* case has any important bearing upon the question now presented. The *Wheeler* case covered accidental injury to the insured while riding upon any public conveyance propelled by steam, electricity, compressed air, or cable, and used in passenger service. Since the facts in the *Wheeler* case are so very different from those in the case at bar, we infer that it was cited only because of the following statement in the decision: "where it is manifest that it was the intention of the insurer that liability should attach only in given circumstances, the law will uphold the contract according to its true intent and import." We are thoroughly in accord with this statement, but do not think it is contrary to what has been decided in the case at bar. The material portions of the policy in the instant case are shown in the preceding statement of facts. The testimony of Brady Raines was the only evidence introduced as to the manner in which the insured came to his death. While the evidence of this witness may have been to some extent self-contradictory, it was yet sufficient to authorize the inference that the insured was walking or standing on a public highway, at the time he was struck and run over by the vehicle. While the witness did not testify in terms that the insured had his feet on the ground, this may be inferred from a consideration of the entire testimony. "He came out on the public road and stood there and reached for the truck, and the side struck him before we could stop. . . When he ran out he grabbed it. He didn't get hold of the truck with his hands. I don't know whether he got his foot on the truck. I could not see his foot. . . He was going to catch the iron body and pull up, I reckon; that was the way he grabbed the truck. He was catching at the side of it. . . He reached up and grabbed it along here." While the witness further testified that if the insured had not grabbed at

the truck it would not have touched him, this fact would not prevent a recovery under the terms of the policy. If the insured was either standing or walking on a public road and was struck and run over by the vehicle while in this position, it is immaterial whether he would have been touched or injured if he had not grabbed for the truck. For illustration, if, instead of grabbing at the vehicle, the insured had simply failed to keep a lookout, or had stumbled for any reason, or had negligently stepped either backward or forward in the path of the truck, with the result that he was struck and run over by such vehicle, it might be said in either of these circumstances that the accident would not have happened except for such conduct of the insured; and yet neither of these occurrences would prevent a recovery, under the terms of the instant contract. It is equally immaterial that the insured·would not have been struck or injured if he had not grabbed for the truck as shown by the evidence. The policy here provided insurance for injury or death effected solely by external, violent, and accidental *means* sustained in the manner stated in the contract, and did not contain the qualification found in some policies that the injury must have so happened "exclusively and independently" of all other *causes* (*Pacific Mutual Life Ins. Co.* v. *Meldrim*, 24 *Ga. App.* 487, 101 S. E. 305; *Bell* v. *State Life Ins. Co.*, 24 *Ga. App.* 497, 101 S. E. 541) ; nor did it except injuries caused by the voluntary exposure or negligence of the insured. 1 C. J. 444-450. We can not agree with counsel for the movant that the evidence did not make an issue as to whether the insured was killed by being struck and run over by a motor vehicle while he was walking or standing upon·a public highway, or that the evidence was otherwise insufficient to present any issue for the jury as to whether the insured was killed in a manner contemplated by the policy.

*Rehearing denied.*