LIFE & CASUALTY INS. CO. OF TENNESSEE *v.* GREENLEE.

(Division B.  Nov. 27, 1939.)

[192 So. 340.  No. 33897.]

John F. Frierson, of Columbus, for appellant.

**D. A. Burgin**, of Columbus, for appellee.

146

**McGehee, J.,** delivered the opinion of the court.

The appellant issued its policy of insurance in favor of Verdis Greenlee, wherein the appellee was named as beneficiary. The policy provided for the payment of the face amount thereof in the event of the death of the insured, if caused by being struck by a motor vehicle "while the insured is walking or standing on a public highway." While the policy was in full force and effect, the insured was struck and seriously injured by a motortruck, while standing on the public highway, as he attempted to get on the truck while it was in motion and was being slowed down by the driver to enable him to do so. The insured had been riding on a wagon, which was overtaken on the highway by the truck in question. The other occupants of the wagon testified that he left it

for the purpose of catching the truck, and that while he was standing on the highway with one foot on the ground, and the other raised for the purpose of mounting the truck, he was struck by the bolster thereof, knocked to the ground, and run over. He afterwards died as a result of the injury thereby sustained.

The appellant defended the suit on the ground that the insured was not injured while "walking or standing on a public highway," but at a time when he was attempting to mount a moving vehicle. The policy contains certain exclusions and limitations as to liability, but there is no limitation exempting the company from liability in the event the insured is struck by a motor vehicle while standing or walking on a public highway and trying to mount said vehicle. It is a cardinal principle of insurance law that a policy or contract of insurance is to be construed liberally in favor of the insured, and strictly as against the company; or in other words, the rule is as announced by our own Court in the case of Eminent Household of C. W. v. Bunch, 115 Miss. 512, 76 So. 540, 542, Ann. Cas. 1918C, 110, that: "It is elementary that contracts of this character [insurance policies] should be construed most strongly against the company and in favor of the insured." If the insured was standing on the highway with one foot on the ground and with the other raised for the purpose of mounting the truck, he was to that extent standing; and if there are to be exceptions invoked, they should be plainly expressed in the policy, or language equivalent thereto should be employed.

In the recent case of Smith v. Life & Casualty Insurance Company of Tennessee, 185 Ga. 572, 196 S. E. 59, the Supreme Court of Georgia had under consideration a policy of insurance issued by this same appellant Insurance Company, and it likewise protected the insured against an injury sustained by being struck by a motor vehicle while "walking or standing on the public road." It appeared that the insured in that case, while walking in the road, was struck and killed by a truck as he under-

took to grab hold of it for the purpose of riding thereon, as in the case at bar. The judgment rendered by the trial court in favor of the beneficiary in the policy was affirmed on appeal. In our opinion the case was correctly decided, and it is applicable here. The purpose for which the insured was standing in the road at the time he was struck is immaterial.

The evidence offered by the appellee in proof of the accident was uncontradicted, and it sustains the verdict of the jury. The judgment must therefore be affirmed.

Affirmed.