Willard H. BACON, trading as Willard. H. Bacon Funeral Home, Appellant,

v.

LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE, a Corporation, Appellee.

No. 1741.

Municipal Court of Appeals for the District of Columbia.

Argued March 5, 1956.

Decided April 3, 1956.

John G. Saul, Washington, D. C., for appellant.

Kenneth Wells Parkinson, Washington, D. C., with whom Roger Robb, Washington, D. C., was on the brief, for appellee.

Before HOOD, Acting Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code, § 11-776(b).

CAYTON, Acting Associate Judge.

The life of James F. Holmes was insured by a life and accident policy. After his death the policy was assigned to plaintiff, Bacon Funeral Home, which brought this action. The insurance company contended that there was no liability under the policy which insured against death by " * * * violent, external, and accidental means * * * while standing [or] walking * * * on a public highway." The trial judge entered judgment for the insurer and plaintiff appealed.

The evidence, as it appears in a stenographic transcript, was accurately summarized by the trial judge in a written opinion, as follows. Plaintiff was standing on a street corner when he noticed his wife sitting next to the driver of an automobile. He ran into the street and attempted to open the driver's door. The car proceeded at a "moderate" rate of speed. He then pushed his "head, shoulders, and arms" through the driver's window in an apparent attempt to obtain control of the car or to pull the driver to the street. The car went out of control and sideswiped a car parked on the opposite side of the street, continued for another block, made a wide right turn and again swerved to the opposite side of the street, striking and sideswiping a second car parked on the opposite side of the street. The left side of that car was "wiped clean from the center to the rear." Still moving on, the car was sideswiped by a third automobile coming from the opposite direction. Holmes then fell from the car and shortly thereafter was pronounced dead.

Appellant says it was error to rule that he had not borne the burden of proving that death was within the policy provisions. The burden was clearly on plaintiff to establish that the death was within the coverage of the policy,[1] and this called for proof that he was "standing" or "walking" at the time of the injury resulting in his death.[2] The policy, written for a low weekly premium, clearly stated that it was "A Limited Contract Providing Benefits to Travelers or Pedestrians," and liability thereunder was restricted to several specifically defined situations.

Of the witnesses presented at the trial only two saw the misadventure in its entirety, and neither could testify to the position or movement of the deceased's feet after he first reached the car. Though his shoes were found to be scuffed, there was no evidence whatever that the deceased was at any time "walking" or "standing" as the car carried him to his death. On the contrary, the testimony was that during the careening ride his arms, head, and shoulders were inside the car, and if his feet ever touched the street it was only for a fleeting moment or two; but even this was not established.

While circumstantial evidence has been held sufficient proof of "walking" under such a policy,[3] here the evidence was not of such a quality that "walking" or "standing" could even be inferred. A man, half in and half out of a moving automobile, grappling with the driver, was three times wedged and dragged against three different cars. His status was hardly that of a pedestrian. Hence it would have been pure speculation to infer that he was in a walking position, and the trial judge was not wrong in ruling as he did.

Plaintiff would have us say that the words "walking" or "standing" are am-

1. Fairclough v. Fidelity & Casualty Co., 54 App.D.C. 286, 297 F. 681; United Insurance Company v. Nicholson, D.C.Mun. App., 119 A.2d 925; 21 Appleman, Insurance, § 12145, p. 49, and cases cited.

2. Life & Casualty Ins. Co. of Tennessee v. Kinney, 206 Ark. 804, 177 S.W.2d 768; Smith v. Life & Casualty Ins. Co. of Tennessee, 185 Ga. 572, 196 S.E. 59; North American Accident Ins. Co. v. White, 258 Ky. 513, 80 S.W.2d 577; Life & Casualty Ins. Co. of Tennessee v. Greenlee, 187 Miss. 143, 192 So. 340; Sanderlin v. Life & Casualty Ins. Co. of Tennessee, 214 N.C, 362, 199 S.E. 275; Davis v. Combined Ins. Co. of America, 137 W.Va. 196, 70 S.E.2d 814.

3. Smith v. Life & Casualty Ins. Co. of Tennessee, supra.

biguous and that any doubt should be resolved in favor of the insured. But like other courts, we find no ambiguity here.[4] While the words have been applied liberally in some of the cases,[5] all rule that the insured must have momentarily at least been actually "standing" or "walking" at the time of the injuries inflicted.[6] The words are of clear and ordinary meaning and must be applied in their plain and usual sense.[7]

In a separate assignment of error plaintiff criticizes a recommendation of the pre-trial judge that the parties waive jury trial. He calls this an "erroneous suggestion and tantamount to a pre-trial direction to waive jury demand." But the record shows only that jury trial was voluntarily waived by the parties and that plaintiff's subsequent motion for reinstatement on the jury calendar was denied. There is no showing of what transpired at the pre-trial conference or on what basis plaintiff's later motion was denied. It cannot be said that plaintiff has shown error in this situation.[8]

Finally, plaintiff challenges the integrity of the stenographic transcript. He says that certain testimony was omitted which would supply the crucial testimony, the lack of which we have found fatal to his case. This complaint is without substance. It was presented to and considered by the trial judge, who has certified that from his own notes and independent recollection, and from the notes of the official reporter, no such testimony was given. There is no reason why the judge's certification should not be accepted. See Marvin's Credit v. Hall, 76 U.S.App.D.C. 95, 129 F.2d 57; Brenner v. Margolies, D.C. Mun.App., 102 A.2d 300.

Other claims of error have been examined and found to have no merit.

Affirmed.

4. See North American Accident Ins. Co. v. White, supra; Sanderlin v. Life & Casualty Ins. Co. of Tennessee, supra; Davis v. Combined Ins. Co. of America, supra.

5. See Life & Casualty Ins. Co. of Tennessee v. Greenlee, supra.

6. Life & Casualty Ins. Co. of Tennessee v. Kinney, supra.

7. Tibbils v. Federal Insurance Company, D.C.Mun.App., 119 A.2d 114; Belland v. American Automobile Ins. Co., D.C.Mun. App., 101 A.2d 517; New Amsterdam Casualty Co. v. Fromer, D.C.Mun.App., 75 A.2d 645.

8. Raimonde v. Purcell, D.C.Mun.App., 95 A.2d 590; Slater v. Cannon, D.C.Mun. App., 93 A.2d 92; District Hauling & Construction Co. v. Argerakis, D.C.Mun. App., 34 A.2d 31.