15310.  LOGANVILLE BANKING COMPANY *v.*
LESTER *et al.*

The wife's equity in the land conveyed by her husband to the banking company as security for the payment of his note upon which it was suing in this action, and upon which land the plaintiff was seeking to establish a special lien under the security deeds, could, without allegation or proof of the plaintiff's insolvency, be set up by the wife and a prior lien on the land established by a verdict and judgment in her favor in the same action, the wife having come in as a party defendant to the suit and by her pleadings and by the evidence shown that a stated sum had been paid by her in the purchase of one of the tracts of land conveyed by her husband to the bank, and that the bank was notified of this at the time the deed was made, and then agreed to recognize her priority to that extent and to pay her that amount from the proceeds.

The verdict in favor of the wife being demanded by undisputed evidence, any error in the charge as to the effect of a tender by the plaintiff to the wife and her refusal of the tender would not be ground for setting aside the verdict.

The bank's obligation to the wife under its agreement would not be affected by proof that the husband was otherwise indebted to her.

DECIDED MAY 17, 1924.

Complaint; from Walton superior court—Judge Fortson. December 26, 1923.

*J. H. Felker,* for plaintiff.

*Orrin Roberts,* for defendants.

JENKINS, P. J.  The bank sued Lester on a promissory note secured by deeds to two tracts of land, and prayed for a general judgment against the defendant and special liens on the two parcels of land.  The defendant admitted the allegations of the petition, but set up that at the time the deed to one of the tracts of land was made the bank was notified that the defendant's wife had paid $1,084.49 in its purchase, and that it was then agreed that the bank recognized her priority to that extent, and would repay to her that amount from the proceeds.  The answer asked that she be made a party to the proceeding, in order that she might assert her superior claim upon the premises to the extent of the sum

thus named. The wife, adopting the answer, was made a party to the proceeding, and by an amendment alleged that "at the time of taking said deed the officer of said bank was informed of the equity of the defendant Parilee Lester, to the amount of $1,084.16, with interest from May 16, 1918, at 8 per cent., and said bank then and there agreed to pay said equity as a part of the consideration of said deed;" and she prayed that a special lien be set up in her favor. On the trial there was no dispute as to the understanding and agreement set forth above, but the bank sought to show that the sum mentioned had been tendered to and refused by the wife. No allegation or contention as to the bank's insolvency was made by the wife in her effort to assert her superior claim upon the premises. The court charged the jury that if the bank, at the time the deed was taken by it, offered to pay the wife the amount indicated, as it had agreed, and if the offer was, without more, refused, this would amount to a compliance by the bank, and a verdict should be rendered in its favor, but that if the bank took the deed without making any such agreement, but with actual knowledge of the wife's equity, a verdict should be rendered in her favor. The jury found in favor of the wife in the sum of $1,084.49, under her pleadings, and a judgment was entered setting up a prior lien on the land in her favor to that extent.

A verdict in favor of the wife being demanded under all of the evidence, in accordance with her pleadings as to the bank's promise to refund the amount of the purchase-money furnished by her, the lack of any allegation or proof as to the plaintiff's insolvency, such as might otherwise establish an equity in her favor, would not prevent the setting up of her legal claim; and since the verdict in favor of the wife's legal claim was demanded under the undisputed evidence, any error in the charge of the court as to the effect of a tender and refusal would not authorize setting the verdict and judgment aside. See, in this connection, *Ragan* v. *Newton, 27 Ga. App.* 534, 535 (109 S. E. 412).

Proof that the husband might be otherwise indebted to the wife in a named amount would not affect the obligation of the bank to the wife under its agreement.

　　　*Judgment affirmed. Stephens and Bell, JJ., concur.*