THE AUGUSTA & SAVANNAH RAILROAD COMPANY v. LARK.

In determining whether or not the trial court erred in overruling a general demurrer to a declaration, this court cannot look beyond the declaration itself, nor consider a "written agreement of facts entered into between the parties for the purposes of said demurrer." Such agreement is no part of the pleadings, and cannot be treated as an amendment to the declaration unless made so by a proper order.
February 29, 1896.

Action for damages. Before Judge Eve. City court of Richmond county. May term, 1895.

*Black & Verdery*, for plaintiff in error.
*Boykin Wright* and *Henry C. Roney*, contra.

LUMPKIN, Justice.

The question presented in this case was decided in that of *Constitution Publishing Co.* v. *Stegall*, during the present term. *Ante*, 405. It is really too plain for argument. Nothing outside of the declaration itself can properly be looked to or considered in testing its legal sufficiency. Of course, exhibits to a declaration are to be treated as parts of it; but an agreed statement of facts, though the same might be all that was needed in disposing of a motion for a non-

suit, cannot possibly throw any light upon the question as to whether or not the allegations of the declaration set forth a cause of action. If, in any given case, counsel mutually desire the question as to the plaintiff's right to recover to be adjudicated upon a demurrer, they ought to see to it that the facts relied upon by the plaintiff are stated in the declaration. This can be accomplished by an appropriate amendment to the declaration, and the preparation of such an amendment would require no more difficulty or labor than would be requisite in making out an agreed statement of facts. This court has gone quite far enough in tolerating looseness in pleadings, and cannot give its sanction to such a demoralizing practice as would necessarily result from an approval of what was attempted in the present instance.   *Judgment affirmed.*