YANCEY *v.* ÆTNA LIFE INSURANCE COMPANY.

1. A person whose occupation is that of a traveling salesman for a coal company is not within the exception in a clause of a policy of accident insurance which provides that there shall be no recovery in case the insured is injured while "walking or being on any railroad bridge or road-bed

(railway employees excepted)," merely because the duties of his occupation render it necessary that he should go upon the road-beds of railroads. The proper construction of such a clause is that the insurance is suspended during the time that the insured is in the position above stated.

2. Nor will the fact that the insurance company insures railway employees at a higher rate permit a person insured as being engaged in another and less hazardous occupation, and who pays a lower rate of premium than persons classified as railway employees, to recover under a condition in the policy which provides that, "If the insured is injured in any occupation or exposure classed by this company as higher than the premium paidfor this policy covers, the sum insured and weekly indemnity shall be only such amounts as said premium will purchase at the rate fixed for such increased hazard."

Argued May 20, — Decided July 24, 1899.

Action on insurance policy. Before Judge Berry. City court of Atlanta. September term, 1898.

*Tompkins & Alston,* for plaintiff.
*Dorsey, Brewster & Howell* and *Arthur Heyman,* for defendant.

COBB, J. Yancey sued the Ætna Life Insurance Company upon a policy of accident insurance. At the trial it appeared from the evidence that the plaintiff was a traveling salesman for a coal company and was so insured, and that the rate of premium charged him was five dollars per thousand dollars. It further appeared that he was injured by being struck by a train while he was approaching a station on the road-bed of a railroad company on his way from certain coal-mines to take the train. He was between the rails when struck in the station-yard where passengers generally stood to take the train at that station. The station could be approached from any direction, there being no inclosure, but the route the plaintiff took was the most direct route to reach the station in time to catch the train. It further appeared that the defendant company insured railway employees, and that the rate of premium charged them was higher than that charged persons in the class of the plaintiff. In defense to the action the insurance company contended that the plaintiff could not recover, because of a clause in his policy which is as follows: "3. This insurance does not cover injuries . . resulting wholly or partly, directly or indirectly, from any of the following causes, or while so engaged

or affected : . . walking or being on any railroad-bridge or road-bed (railway employees excepted)." The plaintiff contended that he was within the exception mentioned in the clause quoted; and that, even if he was not, he should be allowed to recover under the fourth clause in his policy, which provides that, "If the insured is injured in any occupation or exposure classed by this company as higher than the premium paid for this policy covers, the sum insured and weekly indemnity shall be only such amounts as said premium will purchase at the rate fixed for such increased hazard." After hearing the evidence the court granted a nonsuit, and the plaintiff excepted.

The plaintiff was insured as a traveling salesman for a coal company, and he was injured while between the tracks of a railroad company on its road-bed. The policy distinctly provides that under such circumstances there shall be no liability on the part of the company to the insured, unless he was at the time a railroad employee. It is not pretended that the plaintiff was a railroad employee in a strict sense, that is, that he was at the time he was injured employed by a railroad company. It is, however, contended that as his position of traveling salesman required him to visit coal-dealers and be in and about railroad-yards in connection with the coal business, being about a railroad while in discharge of his duties as a salesman for the coal company would make him, if not according to the letter of the policy, within its spirit, a railroad employee so as not to defeat a recovery if he was injured while walking in a railroad-yard on the road-bed of a railroad. The familiar principle that policies of insurance are to be construed most strictly against the insurer is invoked. If there were any ambiguity about the term "railway employee" and two meanings could be given it, under this rule we would give it that meaning which is most favorable to the plaintiff; and if one meaning would defeat a recovery and the other would sustain it, the meaning which would support a recovery would be selected and the other discarded. The term "railway employee" as used in this policy is, however, not ambiguous. It is incapable of more than one meaning. The railway employee there referred to is a person employed to work on and about a rail-

road; one whose employer operates a railroad. . Giving to the words "railway employee" the meaning which the context requires, no other person can be embraced within that term than one whose employment requires him to work on or about a railroad, and whose employer is one who operates a railroad either as owner or otherwise. It is true that in the case of Cotten v. Fidelity Company, 41 Fed. 506, it was held that the agent of a transfer company, which itself was employed by a railroad company to attend to transfers of baggage, was an employee of the railroad company within the meaning of a policy similar to the one now under consideration; it being there said that the term "railroad employee" has "reference to the character of the employment rather than to who is the employer." Conceding, for the sake of the argument, that an employee of an employee of a railroad company is himself an employee of such company within the meaning of a policy of insurance of the kind under consideration, as was held in the case cited, that case is not authority for going to the extent that is claimed in the present case; and we can not, even if the conclusion on the peculiar facts of that case were satisfactory to us, approve the language above quoted, which is broader than the facts of the case required and goes much farther than we are prepared to go. Conceding that it must have been known to the company, when they insured Mr. Yancey as a traveling salesman for a coal company, that his duties carried him in and about the yards of railroad companies, it is not to be presumed that they intended to make an exception in his favor which they did not make in behalf of other policy-holders of the class to which he belonged. While it may have been necessary to the successful conduct of his business that he should go in and about railroad-yards and upon the road-beds of railroad companies, under the terms of the policy he was not insured while in such positions although in actual discharge of the duties of his occupation. The policy is clear and unambiguous and makes but one exception, and the plaintiff is not within that exception.

It is, however, contended that the nonsuit was erroneous, because, even if the plaintiff was not a railroad employee

within the meaning of the policy, as he was injured while in an exposure incident to an occupation different from that in which he was insured and which was classified as more hazardous by the company, he was entitled to recover, under the fourth condition of the policy above quoted, whatever amount of insurance the premium paid by him would purchase at the rate fixed for the increased hazard. Condition number 3 and condition number 4 are to be construed together; and if the construction sought to be placed upon the latter is allowable, it practically nullifies the former. If this is the case, that construction should not be placed upon it unless it is impossible to construe it otherwise. It seems to us that the proper construction to be placed upon condition number 4 is, that the words "occupation or exposure" mean occupation or exposure not inconsistent with what is contained in condition number 3; that is, if condition number 3 entirely defeats liability, nothing can be taken under condition number 4; but if the insured is injured in an occupation or exposure classed by the company as more hazardous than the one in which he is by the terms of the policy insured, then he may still recover, unless he is precluded by the terms of condition 3, an amount less than the face of his policy, but equal to whatever sum the premium paid by him would purchase at the rate fixed for the more hazardous risk. To illustrate: If the insured was classified in the policy as a conductor of a freight-train, and this occupation was classified as less hazardous than that of brakeman of the freight-train, and the insured was injured while on board of his train and acting and discharging temporarily the duties of a brakeman and not of a conductor, the policy would not be forfeited because it does not come within the terms of condition number 3, but he would, under the provisions of condition number 4, be precluded from recovering any higher amount than the premium paid by him would purchase as insurance for a person engaged in the occupation of a brakeman on a freight-train. The effect of condition number 3 is to defeat a recovery altogether in certain cases. The effect of condition number 4 is to reduce the recovery in certain other cases where the insured has been injured when doing some act not

ordinarily incident to his occupation as it is stated in the policy, but still not of such a character as to bring the case within the provisions of condition number 3.    See, in this connection, Eggenberger *v.* Accident Ass'n, 41 Fed. Rep. 172; 2 Bacon's Ben. Soc. & Life Ins. §491; Niblack, Accident Ins. §§411–412.   *Judgment affirmed.    All the Justices concurring.*