12258.  RAGAN v. NEWTON.

JENKINS, P. J.  Suit in a justice's court was brought on a promissory note for $78 principal, "payable as follows: Money or War Savings Stamps — $39, Nov. 15, 1918, without interest — $39, Nov. 15, 1919, with interest at the rate of 6% per annum from date." On appeal in the superior court the defendant testified: that on the day the note was due he tendered to the plaintiff, in full payment, 20 war-savings stamps, the par or maturity value of which was $5 each, a total of $100, and the surrender value of which on the day of tender "was sufficient to pay in full the said note and about $6 or $7 more;" that the plaintiff refused to accept such stamps, for the reason assigned that he "would be forced to pay defendant the $6 or $7 as the difference in value of said stamps and the note;" that the defendant did not demand this difference but stated to the plaintiff that it might be paid when the stamps were turned in and cashed; that the plaintiff kept the stamps 10 or 15 days, considering whether he would accept them under such conditions, and then refused to do so and returned them to the defendant, whereupon the defendant demanded a rescission of the contract, tendered back the sewing machine for which the note was given, and demanded his note, because of the plaintiff's refusal to perform his covenant, in declining the tender. On cross-examination, however, the defendant admitted that he had disposed

of the stamps before the plaintiff filed suit. Nothing in the pleadings or in the evidence showed that the previous tender of the stamps was continued, or that there was any renewed tender of money or stamps when the case was pending or tried. The court on motion directed a verdict for the plaintiff for the $78 principal, interest at 6% from July 31, 1918, and costs of suit. The record shows that afterward the court on its own motion, during the trial term, modified the judgment so as to throw the costs against the plaintiff. The defendant excepted. There is no cross-bill of exceptions, but the plaintiff, in the brief of his counsel, objects to the shifting of costs from the defendant to himself. *Held:*

1. A refusal of even a valid and continuing tender by a creditor does not relieve the debtor of all liability, such as would justify a rescission of his obligation to pay, but its effect, even when properly made and continued, is merely to protect the debtor from future interest and costs. Civil Code (1910), § 4322; *Gray* v. *Angier*, 62 *Ga.* 596. The plaintiff was therefore entitled to a judgment for the principal sum called for by the note; and the only question raised by the plea was whether, under the evidence, the defendant had been relieved from the payment of interest and costs.

2. In order for a tender to have this effect, it must be continuing, and the debtor must at all times keep the amount of money or property tendered in readiness so as to pay whenever the creditor will receive. Using the money or property tendered, after refusal by the creditor to receive it, whereby the continuity of the tender is broken, destroys this necessary attribute of a legal tender. *Ansley* v. *Anderson*, 35 *Ga.* 8, 18; *Toomey* v. *Read*, 133 *Ga.* 855, 856 (4) (67 S. E. 100); *Fannin* v. *Thomason*, 50 *Ga.* 614, 617; *Gray* v. *Angier*, supra. When a plea of tender is filed, the defendant "should bring the thing tendered into court, or aver his readiness to do so." *Mason* v. *Croom*, 24 *Ga.* 211 (5). The evidence for the defendant having failed to show such a tender as would meet the requirements of the legal rule, the court did not err in directing the verdict, including interest, for the plaintiff. There being no exception taken by the plaintiff relative to the subsequent shifting of the costs against him, that question cannot be considered.

> *Judgment affirmed. Stephens and Hill, JJ., concur.*
> DECIDED NOVEMBER 1, 1921.

Complaint; from Newton superior court — Judge Hutcheson. January 7, 1921.

*John J. Averet,* for plaintiff in error.   *H. L. Graves,* contra.

