*W. B. Kent,* for plaintiffs in error.

---

### 13286. JONES *et al. v.* PEACOCK.

JENKINS, P. J. 1. A tender, to be effectual in protecting the debtor from future interest and costs, "must be in full of the specific debt, and not in part," and must be continuing. Civil Code (1910), § 4322; *Smith* v. *Pilcher,* 130 *Ga.* 350, 355 (60 S. E. 1000); *Hiller* v. *Howell,* 74 *Ga.* 174, 176; *Ragan* v. *Newton,* 27 *Ga. App.* 534 (2) (109 S. E. 412).

2. "A refusal of even a valid and continuing tender by a creditor does not relieve the debtor of all liability, such as would justify a rescission of his obligation to pay, but its effect, even when properly made and continued, is merely to protect the debtor from future interest and costs." *Ragan* v. *Newton,* supra.

3. Assuming that, as contended by the defendant, the tender made in this case was made to the authorized agent of the plaintiff, it nevertheless cannot be taken as sufficient to relieve the defendant of the payment of costs and subsequently accruing interest, since, according to the evidence of the defendant himself, the check was not tendered as in full payment of the note, but was offered merely as a part payment to be applied as a credit thereon. Consequently, the alleged agent, in referring the matter to his principal, was but acting within the line of his duty, and his conduct in so doing cannot be construed as amounting to "a general refusal of any tender," so as to bring the case within the ruling made in *Wiggins* v. *Sheppard,* 145 *Ga.* 835 (1) (90 S. E. 56). Thus, since it does not appear that the agent had made a general refusal of any tender, it was necessary not only that the amount offered should constitute the amount due in full, but the tender as made must have been continuous; and this, it appears from the record, was not the case. It follows, therefore, that the trial court did not err in directing a verdict in favor of the plaintiff in the amount sued for.

<em>Judgment affirmed. Stephens and Bell, JJ., concur.</em>

DECIDED NOVEMBER 22, 1922.

Complaint; from Paulding superior court — Judge Irwin. November 11, 1921.

*S. W. Ragsdale,* for plaintiffs in error.