25261. DANIEL *v.* JEFFERSON STANDARD LIFE INSURANCE CO.

SUTTON, J. 1. Where a policy of life insurance contains a provision, known as a double-indemnity clause, to the effect that the insurer will pay to the beneficiary double the face amount thereof on the death of the insured during the premium period and before default in the payment of any premium, and before waiver of any premuim on account of disability, and before any non-forfeiture provision is in effect, provided such death results from bodily injury within ninety days after occurrence of such injury, and results directly, and independently of all other causes, from bodily injury effected solely through external, violent, and accidental means while the insured is sane and sober; except that these provisions shall not apply if the insured shall engage in military or naval service, or any allied branch thereof, in time of war, *"or in case death results from bodily injury inflicted by another person* or by the insured himself" (italics ours); and where the insured meets his death as the result of an intentional blow inflicted on his head by a man wielding an ax, the insurer is not liable to the beneficiary for the double indemnity.

2. "The contract of insurance should be construed so as to carry out the true intention of the parties" (Code, § 56-815); and where the meaning is plain and obvious, the contract should be so construed as literally provided therein. *Cherokee Brick Co.* v. *Ocean Accident &c. Co.*, 21 *Ga. App.* 701; *New York Life Ins. Co.* v. *Thompson*, 45 *Ga. App.* 639, 640. The plain and obvious meaning of the provisions of the policy here sued on, relative to double indemnity, is to except death resulting from

bodily injury intentionally inflicted by another person or by the insured himself. Of course, a bodily injury is rarely inflicted on a person except by another or by himself, and undoubtedly the meaning of this policy is that the exception applies where the bodily injury is intentionally inflicted on the insured, as contradistinguished from an unintentional injury inflicted on him either by another person or by himself.

3. The cases of *Travelers Insurance Co.* v. *Wyness*, 107 *Ga.* 584 (34 S. E. 113), *Gresham* v. *Equitable Accident Ins. Co.*, 87 *Ga.* 497 (13 S. E. 752, 13 L. R. A. 838, 27 Am. St. R. 263), *Gaynor* v. *Travelers Ins. Co.*, 12 *Ga. App.* 601 (77 S. E. 1072), and *Atlanta Accident Association* v. *Alexander*, 104 *Ga.* 709 (30 S. E. 939, 42 L. R. A. 188), are different from the case under review. They involved accidental injuries, while the undisputed evidence here shows a dispute between the insured and another person, and that the insured made an effort to strike the person with whom he was quarreling, and thereupon a nephew of such person intentionally struck the insured from behind, inflicting the injury from which he died. Such a case falls squarely within the exception stated in the policy.

4. Under the undisputed facts the beneficiary was not entitled to double indemnity; and the judge did not err in directing a verdict in the plaintiff's favor for the face amount of the policy only, less the sum of $44 which the insured was due the insurer on the policy at the time of his death.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 13, 1936.

*L. M. Wyatt, L. R. Morgan,* for plaintiff.

*Bryan, Middlebrooks & Carter, John A. Dunaway, Lovejoy & Mayer,* for defendant.