### 26779. REGENSTEIN *et al. v.* STATE REVENUE COMMISSION.

DECIDED MAY 27, 1938. REHEARING DENIED JUNE 24, 1938.

*Harold Hirsch, Marion Smith, Louis Regenstein Jr.,* for plaintiffs.

*M. J. Yeomans, attorney-general, O. H. Dukes, Marshall L. Allison,* for defendant.

GUERRY, J. Louis A. Regenstein and Mrs. Venia L. Regenstein, husband and wife, instituted the present action against the

State Revenue Commission for a recovery of certain alleged over-payments in income taxes for the years 1934 and 1935, under the Code, § 92-3308. It was alleged that "on or before the 15th day of March, 1935, petitioners filed a joint income-tax return for the calendar year 1934, including therein all the income of Louis Regenstein and Venia L. Regenstein;" that the income of Louis Regenstein was in excess of $3500, to wit, $15,175.91, but the income of Venia L. Regenstein was less than $3500, to wit, $187.29; that "on or before the 15th day of March, 1936, petitioners filed a joint income-tax return for the year 1935, including therein all the income of Louis Regenstein and Venia L. Regenstein;" that the income of Louis Regenstein for the calendar year 1935 was in excess of $3500, to wit, $12,526.95, but the income of Venia L. Regenstein for the year 1935 was less than $3500, to wit, $200. It was further alleged that the "petitioners claimed but a single specific exemption of $3500 for each of the two years here involved;" that the "Code, § 92-3106 (b), provides that both the husband and the wife are entitled to a specific exemption of $3500 each. Inasmuch as petitioner claimed in each of said years herein involved, namely, 1934 and 1935, but a single exemption of $3500, the net taxable income for each of said years was overstated in the amount of $3500. The excess amount of $3500 was taxed in the amount of $88.64 for the year 1934, and in the amount of $50.46 for the year 1935, thus producing an overpayment of taxes in each of said years in the said amounts." A general demurrer to the petition was sustained, and exceptions were taken to this judgment. The question presented for determination is whether or not a husband and a wife are each entitled to an exemption of $3500, where a joint income-tax return is filed, and where the net income of the husband is in excess of $7000 and the income of the wife is greatly less than $3500, to wit, $187.29. The case of *State Revenue Commission* v. *Brandon,* 184 *Ga.* 225 (190 S. E. 660), is strongly relied on by counsel for the plaintiff in error. The Supreme Court held in that case that where a husband and a wife have independent incomes, and make separate income-tax returns, the husband and the wife are each entitled to a $3500 exemption; the exemption of the husband being applied against his income and the exemption of the wife being applied against hers. There was no ruling that either the husband or the wife should be allowed to

take advantage of any part of the exemption of the other, where the income of such other was not sufficient to absorb his or her allotted exemption. We think that the case at bar presents a materially different question from that adjudicated in the *Brandon* decision, and therefore that it is not authority for the position taken by counsel for the plaintiffs.

In dealing with exemptions, the subject now under consideration, the income-tax act of 1931 provides as follows: "Personal exemptions and credits.—There shall be deducted from the net income of resident individuals the following exemptions: (a) In the case of a single individual, a personal exemption of $1500. (b) In the case of a married individual living with husband or wife, $3500. (c) In the case of a widow or widower having minor child or children, natural or adopted, $3500." Code, § 92-3106. In determining the question now before the court, a consideration of the above provisions relating to personal exemptions is of first importance. *State Revenue Commission* v. *Brandon,* supra. We believe, conservatively speaking, that it was the intention of the legislature, in granting to a married individual living with husband or wife, an exemption of $3500, to limit the exemption of a married individual to that amount. Any provision or provisions of the act whereby it is claimed that the husband may reduce his taxable income by substantially two $3500 exemptions simply because he has a wife with or without some independent income, whether the return made be joint or separate, should be plain and unambiguous to this effect. No such provision can be found in our income-tax act. In Hoeper v. Tax Com., 284 U. S. 206 (52 Sup. Ct. 120, 76 L. ed. 248), it was said: "Liability for the tax rests upon the person by whom the income, in respect of which the tax is imposed, is received or receivable. The recipient of the income is the person taxable, and unless expressly exempted every recipient is liable therefor. Where a married woman living with her husband has an income of her own, independent of her marital status, the same is not to be considered as a part of her husband's income, but the wife is the recipient and the income is taxable, and the wife is the person liable." This was quoted approvingly in *Brandon* v. *State Revenue Commission,* 54 *Ga. App.* 62 (186 S. E. 872), affirmed, 184 *Ga.* 225 (190 S. E. 660). Thus the husband or the wife is not responsible for the tax produced by

the income of the other, and, as we construe the act, neither is entitled to claim any part of the personal exemption of the other. It is not deducible from any provision or provisions of the act that where the income of the wife is less than $3500 the husband is entitled to the balance of her exemption, where a joint or separate return is made. The exemption is personal to her. It attaches to and exempts her income and her income only. Where she has an income up to $3500, she is entitled to have the same exempt, whether it be reported in a joint or separate return.

Under the Federal income-tax act, where the incomes of the husband and the wife, totaled, exceed the amount of the one exemption allowable, a return is required, for the amount in excess of $3500 is "taxable income." Under our statute, where neither the income of the husband nor that of the wife equals or exceeds $3500, there is no "taxable income" (Code, § 92-3111), even though the incomes totaled exceed $3500 as net income, or $5000 as gross. It is not easily understood why a husband and a wife are each allotted an exemption of up to $3500 and are required by the Code, § 92-3201(b) to make a return where the net income of neither exceeds $3500, but totaled exceeds such sum, since the act in other cases only requires a return where there exists taxable income. This is unquestionably the provision referred to by the Supreme Court as indicating an intention on the part of the legislature of allowing the husband and wife only one $3500 exemption, and its presence in the act certainly can not be given the effect of allowing an exemption of more than $3500 to the husband where the income of the wife is less than $3500. Nor do we think it necessarily follows, from the fact that the Code, § 92-3201(b), provides that where a joint return is made the tax shall be computed on the aggregate amount (which provision is adopted from the Federal act, wherein only one $3500 exemption is allowed to husband and wife), that the total income of the husband and the wife is to be dealt with only as one indivisible sum, which represents and is to be regarded as the income of the husband and wife as an entity, with no regard for the amount contributed by each, and as to which each is entitled to the personal exemption of $3500. As we have pointed out above, to give the act the construction claimed for it by counsel for the plaintiffs, the provision should be plain and unambiguous. "Taxation is the rule, and exemption

the exception." *Athens City Waterworks Co.* v. *Athens,* 74 *Ga.* 413. "All grants of exemption from taxation must be strictly construed in favor of the State." *Standard Oil Co.* v. *State Revenue Commission,* 179 *Ga.* 371(7) (176 S. E. 1); *Mundy* v. *Van Hoose,* 104 *Ga.* 292 (30 S. E. 783); *Brenau Association* v. *Harbison,* 120 *Ga.* 929 (48 S. E. 363, 1 Ann. Cas. 836); *City of Columbus* v. *Muscogee Mfg. Co.,* 165 *Ga.* 259 (140 S. E. 860); *Baggett* v. *Georgia Conference Association,* 157 *Ga.* 488 (121 S. E. 838); *Tyner* v. *Winslett,* 174 *Ga.* 267 (162 S. E. 807). So considering the provisions of the present act, it seems clear that it is not expressly provided therein, and is not necessarily deducible therefrom, that a man and wife, filing a joint return wherein separate incomes are reported and included, are entitled to a $7000 exemption regardless of whether or not the income of each equals or exceeds the sum of $3500. It can hardly be open to serious argument that in a case where the wife has no income the husband could not make a joint return and claim the exemption of the wife. The act expressly gives to the husband a $3500 exemption because of his marital status, and it would be an absurd construction of the act to hold that it also gives him a $7000 exemption because of that same status. This being true, we think that a man whose wife does have an independent income stands in no better position. Under the Federal act, where the husband and the wife have separate and independent incomes, there is only one exemption of $3500 allowed, which may be absorbed by either or divided between them. The exemption in such instance is not personal to either the husband or the wife, but is allotted to them together. Under the provisions of our act each married individual living with husband or wife is allotted an exemption of $3500, and the act does not prescribe an exemption to the husband and wife together when their income is considered as a whole. The exemption to each of $3500 must be applied by each to his or her individual income.

Under the construction that we have placed upon the income-tax act, the petition does not state a cause of action for the entire amount sued for. However, since Mrs. Regenstein was entitled to an exemption of $3500 so far as to absorb her small income for each of the years in question (which sums the petition alleges were considered in arriving at the amount of tax paid for each of those

years), the commission should, if this be true, refund the tax on the wife's $187 for 1934 and $200 for 1935. The petition stated a cause of action for a few dollars; and consequently the court erred in sustaining the demurrer and dismissing the petition as a whole. "A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer." *Blaylock* v. *Hackel,* 164 *Ga.* 257 (138 S. E. 333); *Jordan* v. *Harber,* 172 *Ga.* 139, 156 (157 S. E. 652).

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. The claim in the petition that the plaintiffs were entitled to a refund of a part of their income taxes, which they had overpaid, was based *solely* on the ground that each of them was entitled to an exemption of $3500; and their able counsel state in their brief that the only question in the case "was whether or not the husband and the wife are each entitled to a deduction of $3500 where a joint income tax return is filed and where the income of the wife is less than $3500, but the aggregate income of both is in excess of $7000." I agree with my colleagues that the proper answer to the question is that the husband and wife, under the facts of the case, were entitled to only *one* exemption of $3500. This being true, and it being the *only* question for the determination of this court, the decision of the trial court dismissing the petition on general demurrer should be affirmed. The further holding of my colleagues that the plaintiffs, although not entitled to a double exemption, are nevertheless entitled to recover "a few dollars," is a ruling upon a matter not raised by the pleadings and not argued in the briefs of counsel for either party. Such a recovery was not asked for in the petition, and the plaintiffs are not entitled to recover something which they did not sue for.