### REMBERT *v.* ELLIS, administrator, *et al.*

No. 13856.   October 25, 1941.

*Bryan, Richardson & Mobley,* for plaintiff.

*W. S. Northcutt, Spalding, Sibley, Troutman & Brock, Mc-Elreath, Scott, Duckworth & Riley, Sumter M. Kelley,* and *Julius. A. McCurdy,* for defendants.

GRICE, Justice. ■ A preliminary question is presented. The sole exception is to the sustaining of a demurrer to the petition. The judge's order recites that on the hearing it was agreed by counsel "that plaintiff's case would turn on the validity or invalidity of the foreclosure proceedings as recorded in the case of Reconstruction Finance Corporation *vs.* Mrs. H. L. Bowden, No. 108914 in this court. And it was agreed that the court might consider, on the demurrer, the foreclosure proceedings referred to;" and a copy of the proceedings in said case No. 108914 is attached to the bill of exceptions as an exhibit. This court is asked, in passing on the demurrer, to treat what is set forth only in the exhibit attached to the bill of exceptions as a part of the petition. This can not be done. The trial court is a court of record; and what was done does not ipso facto become a part of the record in the case. There was no order taken allowing it as an amendment to the petition, which order would have been necessary to make it

a part of the same. The court can not look outside of the petition. *Constitution Publishing Co. v. Stegall,* 97 *Ga.* 405 (24 S. E. 33); *Augusta & Savannah R. Co. v. Lark,* 97 *Ga.* 800 (25 S. E. 175); *Candler* v. *Kirkland,* 112 *Ga.* 459 (37 S. E. 715); *Mitchell* v. *Southern Railway Co.,* 118 *Ga.* 845, 847 (45 S. E. 703). The plaintiff in error relies on *Chicago Building &c. Co. v. Talbotton Creamery &c. Co.,* 106 *Ga.* 84 (31 S. E. 809). That decision does not sustain counsel's position; for there the. writing of which profert was made was the writing which was the foundation of the suit, and that fact is clearly brought out in the opinion and in the authorities relied on to support it. In *Mann* v. *Showalter,* 145 *Ga.* 268, 274 (88 S. E. 968), the court was dealing with what it was sought to show by the record in another suit. In holding that although some recitals were made as to what the allegations were in the other suit, and the expression "all the allegations of which will be shown to the court" was used, this did not make the former petition a part of the pleading in the present case, this court said: "In the petition in the present case it is recited that the former suit was brought, attacking and seeking to have set aside the decree of divorce granted in Tennessee, and endeavoring to have declared void the subsequent marriage of Showalter. There were some recitals as to the allegations made in that petition, and the expression was used, 'all of the allegations of which will be shown to the court.' This did not make the former petition a part of the pleading in the present case; nor did it authorize the petition in that case to be brought to this court by specification as a part of the present record. That it was so brought up does not authorize its consideration here on demurrer. The ruling in *Chicago Building &c. Co.* v. *Talbotton Creamery &c. Co.* [supra], decided by four Justices, where, upon the hearing of a demurrer to a petition, profert was made of a written contract which was the foundation of the suit, and it was produced and read, will not be so extended as to make a part of the record every paper in another case which is mentioned or partly described, so that it can be considered on demurrer to the petition, or brought to this court by specification as part of the record."

The report preceding this opinion, taken in connection with such allegations as are summarized in headnote 2, discloses such facts as prima facie entitle the plaintiff to some of the relief

sought. *Irons* v. *American National Bank,* 178 *Ga.* 160, 180 (172 S. E. 629), and cit. Counsel for the defendants press upon us the view that under the authority of *Dalton City Co.* v. *Johnson,* 57 *Ga.* 398, the plaintiff showed no title to the notes. It is alleged in the instant case, that the notes were payable to the order of Union Title Guarantee Company Inc.; that the company was placed in the hands of receivers; that the receivers at public outcry sold the notes to petitioner; that petitioner is the present owner of said notes. In the *Johnson* case, supra, there was no purchase of the notes, as here, and therefore no equitable right of the plaintiff therein. The opinion of Judge Bleckley in that case contains an argument to demonstrate that under the allegations and the proof the complainant had no title, either legal or equitable. It is true that here it is not alleged in so many words that petitioner paid value for the notes; but when it is alleged that he purchased them at public outcry at receiver's sale, it will be presumed, as against a general demurrer, that he was a purchaser for value. If he was, he is in equity the owner of these notes and has a standing in a court of equity. It was erroneous to dismiss the action on general demurrer.

We reverse the judgment, with direction that the judge pass upon the special grounds of demurrer separately, and, if he sustains any of them, that he allow counsel for the plaintiff such reasonable opportunity to amend as he may deem proper in the exercise of a sound discretion. If no amendment is made, or, if made, it fails to cure the defects, if any, held to exist in the petition, it can then be properly dealt with. *Buchan* v. *Williamson,* 131 *Ga.* 501, 509 (62 S. E. 815, 819).

*Judgment reversed, with direction. All the Justices concur, except*

REID, Chief Justice, dissenting. The demurrers were sustained by the judge on the theory that a prior foreclosure proceeding was valid and prevented the maintenance of the present one. After stating that it was agreed by counsel that the case would turn on the validity or invalidity of such prior proceeding the judge further recites: "And it was agreed that the court might consider, *on the demurrer* [italics supplied] the foreclosure proceedings referred to." It seems clear that when counsel for plaintiff so agreed, it had the full effect or was the equivalent of amending his proceed-

ing to show such prior one. Otherwise, of course, the demurrer could not reach it. Thus it was more than mere profert of an independent document. It in effect incorporated another well-identified proceeding in this same court of record in the petition being considered. The order of the judge so solemnized it. The proceeding was in writing, was in court before the parties and the judge. There was no uncertainty about it. It was brought to this court, in the bill of exceptions duly certified. It is before us. Everything happened except that it was not physically attached to the plaintiff's petition or marked filed. If it was to be considered by the judge on demurrer and was to control the case, what else could have been intended? We know, without question, that is what the judge passed upon. The parties so treat it; and yet, under the majority opinion, something altogether different from that is being reviewed by this court—something not passed upon by the judge. Necessity for regularity and orderliness in pleadings and for rules so to provide is recognized; but even under the cases cited in the majority opinion no rule seems to be violated by treating this as did the judge. Thus we have the true record before us and refuse to look at it, instead passing upon a case wholly different from that considered by the judge.

Aside from the foregoing view, it might also be considered that the court was authorized and empowered by the agreement recited to treat the allegations of the petition together with what was shown by this other proceeding as true, and to enter a final judgment disposing of the case. It was specifically agreed that the case would turn on its validity or invalidity. When parties to litigation are willing to thus bring out all the facts and simplify their causes, they should be aided and encouraged and not thwarted in their efforts. It is not intended in this dissent to disagree to what is said in the opinion on the merits, but as to the propriety of passing on this question without considering the prior proceeding referred to.