19858. WARD *v.* McGUIRE.

SUBMITTED SEPTEMBER 12, 1957—DECIDED OCTOBER 11, 1957.

*Pittman & Crowe,* for plaintiff in error.

*J. R. Cullens,* contra.

ALMAND, Justice. The judgment under review is one sustaining a general demurrer to an equitable petition praying for an injunction and other relief.

In substance, the petition alleged: that, on October 5, 1956, the defendant, Charles D. Brown, and the plaintiff, Troy O. Ward, entered into a written contract, whereby Brown leased to Ward 51 acres of land with a house thereon to be used for farm-

ing purposes for a term of 10 years, commencing on January 1, 1957, the lessee agreeing to pay annually $250.00 as rent to the lessor, such sum having been paid for the year 1957; that the lessee was granted the right to purchase the property at any time within the ten-year term for $3,500, with the privilege of applying on the purchase price the annual rentals previously paid, the lessee to refund any taxes paid by the lessor in the event the option was exercised. It was alleged that, while the lessee was in possession of the described property and after the lease contract had been executed, the lessor executed a security deed conveying the property contained in the lease to his mother, the defendant Kitty B. McGuire, on October 10, 1956, to secure a purported indebtedness of $1,500; that the defendant McGuire, at the time she took the security deed, knew that the lessee was in possession of the property under the aforesaid lease contract; that on January 11, 1957, the defendant began to advertise the sale of the property under a power of sale contained in the security deed; and that on January 21, 1957, the plaintiff tendered in payment to the defendant McGuire the full amount of the debt for which the security deed was given plus the advertising costs of the proposed sale; but that such tender was refused. A continuing tender and a tender into the trial court was also alleged. Plaintiff further alleged that, as lessee, he has expended $800 in cultivating the land and in constructing structures on the premises. There were other allegations charging the defendants with fraud, but it is unnecessary to relate them here. Among the prayers was one seeking to enjoin the defendant McGuire from selling the land under the power contained in the security deed.

A general demurrer to an equitable petition should not be sustained if the facts alleged therein entitle the plaintiff to any of the substantial relief sought. *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4) (151 S .E. 5) ; *Dorsey* v. *Green,* 202 *Ga.* 655 (44 S. E. 2d 377) ; *Hazelrigs* v. *Butler,* 204 *Ga.* 98 (2) (48 S. E. 2d 727). The controlling question is whether the plaintiff, as lessee under a ten-year contract of the premises sought to be sold under a power of sale, has such an interest in the property that, by a legal tender in payment of the debt secured by the deed, he could prevent the holder of the security deed from exercising the power

of sale contained therein. In *Loftis* v. *Alexander*, 139 *Ga.* 346, 349 (77 S. E. 169, Ann. Cas. 1914B 718), a case involving a tender of payment by the purchaser of the indebtedness of the seller secured by the property to the holder of the security deed, it was held that, though a mere stranger has no right to tender money to discharge an incumbrance on property or to redeem it, one who has an interest in the property is not a stranger and can make a valid tender. In the instant case, the lessee was in possession under a lease contract for a term of ten years, with an option to purchase the property during the term of the lease and with the rental paid to be applied on the stated purchase price. A lease for a period of five years or more is an estate for years (*Schofield* v. *Jones*, 85 *Ga.* 816, 823, 11 S. E. 1032; *Anderson* v. *Kokomo Rubber Co.*, 161 *Ga.* 842, 132 S. E. 76), under the provisions of Code § 85-801, which defines an estate for years as being "one which is limited in its duration to a period fixed or which may be made fixed and certain. If it is in lands, it passes as realty. It may be for any number of years, provided the limitation is within the rule against perpetuities." Code § 85-104 defines an estate as being "the quantity of interest which an owner has in property." In Cullen & Vaughn Co. *v.* Bender Co., 122 Ohio St. 82 (170 N. E. 633, 68 A. L. R. 1332), it was held that a lessee of land in possession under a lease for a term of 15 years, which lease stipulated that the lessee could purchase the fee at any time during the term of the lease for a stated sum, creates in the lessee an interest in the land. See also Bacon *v.* Bowdoin, 39 Mass. (22 Pick.) 401; Bozarth *v.* Watts (Tenn.), 61 S. W. 108; Wunderle *v.* Ellis, 212 Pa. 618 (62 Atl. 106). It is our opinion, under the above authorities, that a lessee in possession of the property covered by a security deed for a term of ten years with an option to purchase such property has such an interest in the property that he can make a valid tender of payment of the debt to the holder of the security deed. The allegations in the petition allege a valid and continuing tender of payment of the debt to the defendant McGuire. Code § 20-1105; *Thurman* v. *Lee*, 181 *Ga.* 408 (1) (182 S. E. 609). The refusal of a creditor to accept a proper tender in payment of a debt does not extinguish the debt, but the creditor loses the collateral benefits under the deed given to secure the debt. *Lanier* v. *Mande-*

*ville Mills*, 183 *Ga.* 716 (1) (189 S. E. 532). The allegations in the petition were sufficient to support the plaintiff's prayer for an injunction to prevent the defendant from foreclosing the secured debt. *Loftis* v. *Alexander*, 139 *Ga.* 346, supra. Compare *Western Union Telegraph Co.* v. *Brown & Randolph Co.*, 154 *Ga.* 229 (114 S. E. 36). Whether the petitioner was entitled to any other relief need not be decided, the petition setting forth a cause of action for some of the relief prayed. *Ferguson* v. *Randolph County*, 211 *Ga.* 103 (84 S. E. 2d 70); *Edwards* v. *United Food Brokers*, 195 *Ga.* 1 (22 S. E. 2d 812); *Noland* v. *Biggers*, 171 *Ga.* 627 (156 S. E. 266).

The court erred in sustaining the general demurrer of the defendant McGuire.

*Judgment reversed. All the Justices concur.*