Hubach *v.* Midcontinent Life Ins. Co.

5-1511                                          311 S. W. 2d 307

Opinion delivered March 24, 1958.

*Catlett & Henderson,* for appellant.

*House, Holmes, Roddy, Butler & Jewell,* for appellee.

Carleton Harris, Chief Justice. On July 26, 1928, appellee, Mid-Continent Life Insurance Company, issued a 20 year pay policy in the face amount of $1,000 upon the life of Beulah A. Hubach, then 24 years of age, with her husband, George J. Hubach, named beneficiary. The policy included a provision providing for double indemnity in case of accidental death, and also contained a provision for the payment of certain sums in the event of permanent total disability and permanent partial disability. The double indemnity clause, for which a separate premium of $2.00 per year was paid, provides as follows:

"Upon receipt of due proof that the death of the Insured was caused directly, independently and exclusively of any and all other causes, from bodily injuries effected solely through external, violent and purely accidental means (excluding homicide or self-destruction, sane or insane, and excluding death resulting from injuries received in military or naval service in time of

war, or as a result of participation by the Insured in aeronautic or submarine expeditions or operations) and that such death occurred (a) within the premium paying period, and (b) before the Insured attained the age of sixty years, and (c) before a default in any premium, and (d) within thirty days from the date of such accident, the Company will pay Double the face amount of this policy in full settlement hereof.''

The premiums on the policy were paid for twenty years, from 1928 through 1947. Beulah A. Hubach was killed instantly in an automobile collision September 26, 1954, being 50 years of age at the time of her death. The company refused to pay more than the basic death benefit of $1,000, contending that Mrs. Hubach's death did not occur within the ''premium paying period'' clause. The beneficiary contended overwise and instituted suit for the sum of $2,000[1] (together with penalty and attorney's fee). The cause was submitted to the court upon the Pleadings, and a written Stipulation, entered into between the parties as to the facts. The court found for appellee, and from such judgment comes this appeal.

Appellant contends that the words ''premium paying period'' relate to the period in which the insured was not relieved from the payment of premiums under the disability benefit provision,[2] and cites as authority the case of *American Trust Co.* v. *American Cent. Life Insurance Co.,* 5 F. (2d) 69. We do not consider that case as authority for appellant's position. There the court was construing the clause, ''The Company will pay double the face amount of this policy to the beneficiary upon proof that the death of the insured occurred *during the premium paying period and not less than one year from the date thereof.''* The insured was accidentally

[1] George J. Hubach died intestate on October 25, 1955, and the cause was revived in the name of John H. Hubach, Administrator of his estate. The basic benefit of $1,000 was subsequently paid, with the double indemnity question reserved.

[2] Under that clause of the policy (for which an extra premium of $2.77 per year was paid), the Company agreed *inter alia* to waive the payment of each premium coming due after permanent total disability had been established.

killed less than one year after the issuance of the policy, and the defendant contended, under the language quoted above, that the double indemnity benefit did not accrue until after the policy had been in effect for one year. The court pointed out that the defendant was attempting to give the word "thereof" the same meaning as the word "hereof", and stated that the word "thereof" grammatically and naturally seemed to refer to the premium paying period rather than to the date of issuance of the policy; it was also pointed out that the defendant had collected a separate premium for the double indemnity benefit for the very year in which the accidental death occurred. There too, the policy was a life policy, providing that the additional premium for the double indemnity should cease at age 65 (though the premium for the basic benefit would continue), and further providing that double indemnity was not payable after the insured reached age 65. The policy also contained a disability benefit provision, providing, among other things, that the company would waive the payment of each premium thereafter if the insured should become so disabled as to prevent the following of any gainful occupation. Under these provisions and conditions, the court held that the words "premium paying period" related to the period in which the insured was not relieved from the payment of premiums under the preceding disability provision, and further stated that the disability benefit provision was obviously printed for use in connection with the double indemnity benefit provision. The court then noted that an ambiguous provision in an insurance policy, so framed as to leave two constructions, is to be resolved most strongly against the insurer, which, of course, is well established law.

In the case before us, the policy is a 20-pay policy, wherein premiums cease at the end of the 20 years. While this policy also has the total disability benefit, we see no connection between that clause and the double indemnity clause. Each is independent of the other. The policy holder could take the basic insurance without either the double indemnity benefit or the total disability benefit. He could take the basic insurance with the

total disability benefit but without the double indemnity benefit, and he could have the basic benefit and double indemnity benefit without the total disability benefit. If Mrs. Hubach had made the latter choice, which she had every right to do, appellant's contention obviously would be erroneous, since his entire argument depends upon the total disability clause. Separate premiums were charged for the two additional benefits, the charge per year for the double indemnity being $2.00. The contract provides that upon any anniversary of the policy, "the double indemnity benefit may be discontinued by returning this policy to the company for proper endorsement." This $2.00, paid annually, purchased double indemnity coverage for the succeeding year. The insured could have acquired this coverage for one year and dropped it, or for any period less than 20 years — dropped such coverage on any anniversary date — and still have retained the basic benefit of $1,000, but, under the contract, she could not retain the double indemnity benefit for longer than 20 years. The right was also given to annul the disability coverage by sending in the policy for proper endorsement. We conclude that the final premium did not purchase double indemnity insurance until such time as the insured reached age 60, but only purchased such insurance for the last year of the premium paying period.

Appellant argues that the condition "before the insured attained the age of sixty years" is significant, and supports his contention, because this policy was paid up 16 years before the assured was due to reach that age, and there would be no point in having such a provision in the policy if the company's obligation under the double indemnity clause ceased at the end of the 20 year period. If this were a policy prepared especially for Mrs. Hubach, we might be inclined to agree, but the policy is a printed form, undoubtedly issued to thousands of policy holders, and clearly having reference to those people who might purchase such policy at an age where the 20 years would not be completed before such person reached age 60.

We find no ambiguity in this contract. The intent of the double indemnity clause is clearly expressed, and the term "premium paying period", we think, can only relate to the 20 year period in which premiums were due to be paid.

Judgment affirmed.